*In re* INTEREST OF ROBERT EUGENE LANDORF, a/k/a ROBERT BLOYER, a minor.

(No. 71-272; 

Second District—August 23, 1972.

Frederick F. Cohn, of Chicago, for appellant.

F. Lawrence Lenz, State's Attorney, of Freeport, (W. Neil Brown, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The minor, then age fifteen, was found to be delinquent within the provisions of the Juvenile Court Act. (Ill. Rev. Stat. 1969, ch. 37, sec. 702—2.) He was adjudged to be a ward of the court and placed in the custody of the Department of Correction, Juvenile Division. The court's declaration of delinquency was based upon a finding that the minor had violated the Criminal Code by reckless conduct in the shooting of a companion (Ill. Rev. Stat. 1969, ch. 38, sec. 12—5); and by possession of an unregistered firearm. (Ill. Rev. Stat. 1969, ch. 38, sec. 83—2.)

In his appeal, the minor urges reversal claiming only that the State failed to prove beyond a reasonable doubt that the defendant acted recklessly. The State argues that the essential issue is whether the disposition was proper on any basis found in the record.

We agree with the minor's contention that he was not proven guilty of the criminal offense of reckless conduct beyond a reasonable doubt. The incident occurred in the basement of the Bloyer home, approximately 3:00 A.M. on November 11th, 1970. Bloyer had taken a .25 caliber Berretta Automatic into the room to clean it. A friend, Bernard Durham, picked up the gun, cocked it, and pointed it at a wall. Bloyer told Durham to put the gun down as it could go off. Bloyer removed the bullet clip from the Berretta and then gave the unloaded gun to Durham who cocked the weapon. Durham testified that he had picked up the bullet clip at one time while he had the gun and that he could have put the bullet clip back in the automatic; and that it was possible that Bloyer would not have seen him insert the clip. Durham either gave the gun to Bloyer or placed it on the arm of a chair, then sat down on the couch and began to read a comic. Less than a minute later, the gun, which was now in Bloyer's possession, discharged with the bullet striking Durham in the left side of the chest. In Bloyer's statement to the police, he said "I had it in my hand and held it down with my arm resting on the chair. The gun went off and I don't know if I was squeez-

ing the trigger or not. The clip was in the gun but I was not aware of it at the time * * *." Bloyer immediately gave Durham emergency care and called for an ambulance.

█ █ If a criminal offense is made the basis of the delinquency charge, the standard of proof at the adjudicatory hearing is proof beyond a reasonable doubt. (*In re Urbasek* (1967), 38 Ill.2d 535, 543; *People v. Archie* (1969), 105 Ill.App.2d 211, 212.) The evidence was insufficient to prove beyond a reasonable doubt that Bloyer's conduct constituted the gross deviation from the standard of care which a reasonable person would exercise in the situation to constitute reckless conduct within the criminal statute.

We distinguish *People v. Thomas* (1971), 1 Ill.App.3d 139. In that case, the court held that the pointing of a loaded pistol at a person with the subsequent discharge of a weapon constituted reckless conduct. However, there was no question of defendant's knowledge that the weapon was loaded, while here the testimony of Durham supports Bloyer's statement that he did not know that the weapon was loaded.

This conclusion does not support the prayer of the minor that we should reverse the finding of delinquency and set aside his commitment, however. Bloyer admitted and stipulated to the charge that he had possessed a firearm while not having an owner's identification card. This is a judicial admission which is binding upon the minor. However, we cannot be sure from the record whether the court would have found defendant delinquent and whether the court would have entered the particular dispositional order upon this charge standing alone.

We, therefore, vacate the adjudication of delinquency and the dispositional judgment. The cause is remanded with directions to reconsider the case in accordance with this opinion and to thereafter enter further appropriate orders based upon such reconsideration.

Cause remanded with directions.

ABRAHAMSON and T. MORAN, JJ., concur.