*In re* Interest of DAVID AKERS, a Minor, (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DAVID AKERS, Respondent-Appellant.)

(No. 12062;

Fourth District—February 21, 1974.

Paul Bradley, Deputy Defender, of Chicago (Kenneth L. Jones and Howard B. Augustus, Assistant Appellate Defenders, and Jeffrey Lischer, Senior Law Student, of counsel), for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Martin D. Moltz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The respondent-appellant is a 16-year-old minor who appeals from an order of the Sangamon County circuit court adjudging him to be a delinquent minor for committing the offense of burglary. Following such adjudication, a dispositional hearing was held and the respondent was placed on one year probation in the custody of his parents. In this court, it is urged (1) that the respondent was not found delinquent beyond a reasonable doubt and (2) that the trial court erred in excluding his parents from the courtroom during the adjudicatory hearing.

Under the provisions of section 1—20 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 701—20), the parents "* * * have the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and also, * * * the right to be represented by counsel". In this instance, the respondent was represented by counsel. Defense counsel moved that witnesses be excluded. The motion was granted. It was pointed out that the stepfather and the mother of the minor were named as respondents in the petition along with the minor and that it was the intention of defense counsel to call the mother as an alibi witness for her son. The court then stated that the motion to exclude witnesses would include the parents if they were going to testify, especially as to an alibi. Defense counsel then stated, "Over my objection, if the court is ordering them out." The court then stated, "It's your motion. You want to withdraw your motion?" Defense counsel: "No, I will not withdraw my motion". The court then adhered to his ruling and excluded the parents. The mother did testify as an alibi witness. Under a somewhat similar statute in *State v. Ostrowski* (1972), 30 Ohio St.2d 34, 282 N.E.2d 359; *cert. denied*, 409 U.S. 809, the Ohio court considered a similar allegation of error. The Ohio Supreme Court indicated that the purpose of the parents' presence under their statute was to ensure to the juvenile his right to counsel and his right to have his parents present at any hearing. In the opinion at page 42, the Ohio court stated:

"In our opinion, such a provision is not intended to and does not take away from a trial court its basic right to order a separation of witnesses until such time as such witnesses have testified. During such time the exclusion is not of parents, as such, but instead is the exclusion of witnesses.

Moreover, during such time as the parents were so excluded, the juvenile was fully and adequately represented by two attorneys. Under these circumstances, no possible prejudice to the juvenile could result from such exclusion."

While this case is not controlling it is at least persuasive. The Ohio case does. not indicate who made the motion to exclude witnesses. Here the motion was by the attorney for the respondent.

■■■ Under the statute, the stepfather and the mother of the minor had a right to participate in the proceeding. Defense counsel now urges that he was forced to a difficult choice between foregoing the use of the mother as an alibi witness or foregoing her presence in the courtroom to aid, assist and counsel her son during the course of the trial. When the defense objected to the exclusion of the mother, the court said, "Counselor, it's your motion. You want to withdraw your motion?" Defense counsel said, "No, I will not withdraw my motion". That this was a decision on his part that the mother would be of greater benefit to the minor as an alibi witness than as a counselor during the course of the trial may well have been a sound conclusion. In any event there is nothing in this record that suggests the mother could have been of any particular benefit during the course of the trial nor any incidents cited where she might have counseled and advised her son. The statutory provisions for parents' presence and for making them parties are quite simple, and the reasons for it readily apparent. They do have a sincere stake and their parental rights are affected when a court undertakes to declare a minor a delinquent child. It should be noted, however, that in this case the parents did not appeal nor did they join in the appeal nor are they made parties to the appeal. On this record, the error if any was harmful to them and to no one else. They are not complaining. It is a general rule that an error harmful to others not appealing cannot be charged as error by a party who is not affected by the error. (*People v. Cobb*, 52 Ill.App.2d 332, 202 N.E.2d 56; *cert. denied*, 379 U.S. 1004, 85 S.Ct. 730, 13 L.Ed.2d 706.) In the instant case where the primary function of the mother was to testify as an alibi witness, we are constrained to hold that defense counsel not only invited the error, but if error was committed, it is properly characterized as harmless. Furthermore, the minor was granted probation and returned to the custody of his parents for a period of 1 year. It strikes us therefore that it is idle to return this case to the trial court for a rerun of the same scenario with the mother present.

■■■ The principal witnesses connecting the respondent with the burglary were three other young men who had confessed Juvenile Court Act petitions of delinquency for their admitted participation in the particular burglary or disposal of the proceeds of that burglary. They were awaiting dispositional hearings when called to testify against the respondent. They all three connected the respondent with the burglary, though differing in detail. One testified that he saw a shotgun, a rifle and a

metal box being brought out of the burglarized home by the respondent and one James Hashman. Another identified the metal box and the shotgun and stated that the respondent and Hashman were first observed by him carrying these items. He did not say which one was carrying which. He said he saw no one going into the burglarized home. Hashman testified that he and Akers broke the window of the burglarized home by using a screw driver as a pry. Hashman lifted Akers into the room. There was evidence by alibi witnesses that Akers could not have been in the area at the time. The trial court had the opportunity to see and observe these witnesses and was far better able to judge than this court as to which of such witnesses was telling the truth. Akers testified unequivocally that he never did enter the burglarized home nor participated in the burglary. The trial court must be satisfied beyond a reasonable doubt that the respondent committed the acts constituting the delinquency. (*In re Urbasek*, 38 Ill.2d 535, 232 N.E.2d 716; *In re Landorf*, 7 Ill.App.3d 89, 287 N.E.2d 21; Ill. Rev. Stat. 1971, ch. 37, par. 702.2) The record indicates that the trial judge carefully considered that those connecting the respondent with the burglary were participants in the burglary, and could well be said to have some motive in testifying as they did. He nevertheless stated and believed that they testified credibly. (*People v. Nitti*, 8 Ill.2d 136, 133 N.E.2d 12; *People v. Hansen*, 28 Ill.2d 322, 192 N.E.2d 359.) We cannot say from this record that the trial judge did not correctly appraise the defense testimony of alibi and concluded from his observation of the three State witnesses that they were truthful when they connected the respondent with the burglary.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.