*In re* SHIRLEY YATES, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* SHIRLEY YATES, Respondent-Appellant.)

First District (1st Division) No. 59553

---

Opinion filed February 2, 1976.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers and Marc Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Michael T. Reid, Assistant State's Attorneys, of counsel) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

The respondent, Shirley Yates, then age 15, was found delinquent within the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—2) and committed to the Department of Corrections, Juvenile Division. The court's declaration of delinquency was based upon a finding that on August 27, 1972, Shirley Yates committed the offense of murder. (Ill. Rev. Stat. 1971, ch. 38, par. 9—1(a)(1).) Respondent con-

tends on appeal that: (1) the court erred in excluding from the courtroom the respondent's guardian, her sister Dorothy Yates, until she had testified as a witness under an order separating the witnesses; (2) the evidence did not establish respondent's delinquency beyond a reasonable doubt; and (3) the court abused its discretion by refusing to permit a State's witness to be recalled and re-examined by the respondent about prior statements issued in a police investigation report.

At the outset of the proceedings of the adjudicatory hearing, respondent's counsel, the Public Defender, offered a motion to exclude all witnesses from the courtroom until they had testified. The State agreed and the motion was granted. However, respondent argued at the hearing, as well as on appeal, that the court's order excluding witnesses should not apply to Dorothy Yates, the respondent's sister and legal guardian. Respondent contends that section 1—20(1) of the Juvenile Court Act exempts the legal guardian from a court order separating witnesses. Section 1—20(1) provides that the minor and the legal guardian, as parties to the adjudicatory hearing, have the following rights:

"* * * the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and also, although proceedings under this Act are not intended to be adversary in character, the right to be represented by counsel." Ill. Rev. Stat. 1971, ch. 37, par. 701—20(1).

The position urged by respondent has been considered and rejected by the Fourth District of this court (In re Akers, 17 Ill. App. 3d 624, 307 N.E.2d 630), and by the Ohio Supreme Court involving the same allegation of error under a similar statute. (State v. Ostrowski (1972), 30 Ohio St. 2d 34, 59 Ohio Op. 2d 62, 282 N.E.2d 359, cert. denied, 409 U.S. 890, 34 L. Ed. 2d 147, 93 S. Ct. 130.) The holdings found in Akers and Ostrowski indicate that a legal guardian's right to be present at an adjudicatory hearing is not absolute. In this instance, the Public Defender invited the exclusion of the respondent's sister by offering a motion to exclude witnesses, and thereby placed the court's decision in a framework adversary in character. It is well established that the exclusion of witnesses is a matter within the sound discretion of the trial court. (People v. Scott, 38 Ill. 2d 302, 231 N.E.2d 441.) Section 1—20(1) of the Juvenile Court Act does not undermine the court's power to exclude a legal guardian, as a witness, from an adjudicatory hearing for the purpose of securing uninfluenced testimony. Conversely, a court order excluding all witnesses, including the legal guardian, does not, as respondent argues, void or invalidate the entire adjudicatory hearing under section 1—20(1). The trial court's discretion will only

be disturbed when clear abuse of prejudice to the respondent is demonstrated. (*People v. Chennault*, 24 Ill. 2d 185, 181 N.E.2d 74.) The record before use reflects that the respondent was adequately represented by able counsel. The record does not suggest that the respondent's sister, Dorothy Yates, could have been of any particular benefit during the course of the adjudicatory hearing. No specific incident is cited where the absence of her sister resulted in prejudice to the respondent. We conclude that the exclusion of Dorothy Yates from the courtroom, until she had testified as a witness for the respondent, was not an abuse of discretion.

Respondent's second contention is that she was not found delinquent beyond a reasonable doubt. (*In re Urbasek*, 38 Ill. 2d 535, 232 N.E.2d 716.) The incident in question grew out of a fist fight which occurred at the Jackson Park Apartments, 4700 West Jackson Boulevard in Chicago, at about 11:30 p.m. Richard Cook, the deceased, entered the lobby of the apartment building and initiated an argument with Teddy Lamfair, a building tenant. The argument evolved into a fist fight with Cook and Lamfair maneuvering around couches in the lobby for position.

Venetta Flowers, a 38-year-old resident of the building, was present in the lobby during the fight. She testified that James Yates, the respondent's brother, entered the lobby carrying a knife. Another bystander, Clifford Gardley, attempted to prevent James Yates from interfering in the fight. A struggle ensued between Yates and Gardley. Yates broke free from Gardley and attacked Richard Cook, stabbing him twice in the lower back. Flowers stated that the respondent jumped onto a couch near the place where James Yates, Richard Cook, and Teddy Lamfair were fighting. Flowers saw Shirley Yates stab Richard Cook three times in the area just below the neck with a knife. Flowers transported Cook to a hospital in her car.

The testimony of Venetta Flowers was substantially corroborated by Dr. Pascual Culala, a pathologist from the Cook County Coroner's Office who performed the autopsy on Richard Cook, and Investigator John Leonard of the Chicago Police Department, who examined Cook's body at the hospital. Dr. Culala and Investigator Leonard stated that two stab wounds were located in the lower portion of Cook's back and three stab wounds were located in the upper portion of the back. Dr. Culala testified that the fatal wound was located 3 inches below the baseline of the neck and 3 to 4 inches to the right of the spine.

The respondent and her sister, Dorothy Yates, offered similar testimony. They both denied that either James Yates or respondent had a knife. They both stated that James Yates was stabbed by Richard Cook in the knee. Although both the respondent and Dorothy Yates admitted

that they stood in close proximity to the fighting in the lobby, neither could see who inflicted any of the five wounds sustained by Richard Cook, the deceased. James Yates did not testify to verify his sisters' version of the incident.

■■ The record indicates that the trial court was fully aware of the bias of the witnesses who testified, and of the discrepancies in the testimony elicited. These discrepancies are inconsequential. The trial court was also aware of the fact that Venetta Flowers was a heroin addict for 8 years. However, she had switched to supervision under a methadone program 1½ years prior to trial. Although the testimony of a narcotics addict must be viewed with great caution, such testimony is sufficient to sustain a conviction if credible under the circumstances. (*People v. Smith*, 20 Ill. App. 3d 756, 314 N.E.2d 543.) The testimony of Venetta Flowers was positive, credible, and corroborated by Dr. Culala and Investigator Leonard. The respondent's version of the incident is untenable. Where the evidence is merely conflicting this court will not substitute its judgment for the trier of fact who saw and heard the witnesses testify. *In re Whittenburg*, 16 Ill. App. 3d 224, 305 N.E.2d 363; *In re Akers*, 17 Ill. App. 3d 624, 307 N.E.2d 630.

Thirdly, respondent contended that the court abused its discretion by refusing to recall Venetta Flowers as a court witness or permitting Flowers to be recalled as a hostile witness under Supreme Court Rule 238, which provides:

> "If the court determines that a witness is hostile or unwilling, he may be examined by the party calling him as if under cross-examination. The party calling an occurrence witness, upon the showing that he called the witness in good faith and is surprised by his testimony, may impeach the witness by proof of prior inconsistent statements." Ill. Rev. Stat. 1973, ch. 110A, par. 238.

Venetta Flowers was called as an occurrence witness by the prosecution. She indicated on cross-examination that she had not spoken with anyone except the State's Attorney about the case. Investigator Leonard, the prosecution's next witness, produced a written report which contained notes reflecting statements given to him by Venetta Flowers. The Public Defender expressed surprise that Flowers had issued a statement to the police and requested an opportunity to cross-examine Flowers about the statement. The trial court denied the request stating that available discovery methods would have disclosed the existence of the statement and any possible basis for impeachment.

The record before us indicates that on November 2, 1972, a hearing was conducted on the State's motion to transfer respondent to criminal court for trial as an adult. During that hearing, Officer Leonard testified

that he had a detailed conversation with Venetta Flowers about the death of Richard Cook at the hospital where Cook was taken. Officer Leonard's testimony was given a full month prior to the adjudicatory hearing, which commenced on December 1, 1972. The Public Defender was aware of the conversation between Officer Leonard and Venetta Flowers. Discovery could have been utilized to obtain Leonard's written report.

■■ The practice of calling a person as a court's witness rests in the sound discretion of the trial court. However, a proper foundation must be laid for the calling of the court's witness, which should necessarily include: the reason why the party desiring the witness cannot vouch for the veracity of the witness; a showing that the expected testimony will relate to direct issues; and a showing that a miscarriage of justice would result absent the witness' testimony. (*People v. Moriarity,* 33 Ill. 2d 606, 213 N.E.2d 516.) The respondent, in this instance, laid no such foundation. Under these circumstances, the court was correct in refusing to recall Venetta Flowers as a court witness.

■■ Respondent's argument that Flowers should have been recalled under Supreme Court Rule 238 is equally without merit. The respondent never called Flowers to the stand, as required before the rule can apply. The record does not indicate that Flowers was hostile. No good faith showing of surprise was exhibited. The record does not support application of Supreme Court Rule 238.

For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and SIMON, J., concur.