_In re_ JOHN J. WIESSING, a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. John J. Wiessing, Respondent-Appellant).

Fourth District   No. 4—91—0972

Opinion filed June 4, 1992.

William D. Reid, of Elmore & Reid, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by respondent, John J. Wiessing, from the judgment of the circuit court of Sangamon County directing respondent to be hospitalized with the Illinois Department of Mental Health after finding him to be a person subject to involuntary admission. On appeal, respondent raises three issues: (1) whether the petition for involuntary admission was fatally defective because it failed to contain a detailed statement of the reason for asserting respondent to be a person subject to involuntary admission, failed to state the date of the alleged occurrence on which it was based, and did not state a diligent inquiry had been made to ascertain the names and addresses of the spouse, parent, guardian, close relative, or friend of respondent; (2) whether reversible error occurred when the trial court did not ask respondent whether he desired copies of the petition and notice to be sent to any other person pursuant to section 3—704(b) of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1989, ch. 91½, par. 3—704(b)); and (3) whether the trial court's judgment is against the manifest weight of the evidence. We reverse and for reasons hereinafter stated we address only part of the first issue, the failure to include in the petition the name and address of persons named in section 3—601(b)(2) of the Code or in lieu thereof to allege diligent inquiry has been made. Ill. Rev. Stat. 1989, ch. 91½, par. 3—601(b)(2).

On December 26, 1991, a petition for involuntary admission was filed alleging respondent is a person who is mentally ill and who, because of his illness, is reasonably expected to inflict serious physical harm upon himself or another in the near future. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—601(a).) The detailed statement alleged respondent had "raised his voice" to a child with regard to getting him Christmas presents as respondent is "Santa's Helper." Respondent was considered to be a threat to the child and police escorted him to the hospital. The petition further stated respondent appeared "manic, hostile and out of control. Mr. Wiessing has a series of unsuccessful hospitalizations." Sally Heffernan signed the petition on December 24, 1991. There was no designation of witnesses nor were there any names of a spouse, parent, guardian, close relative, or friend.

A November 27, 1991, report of a social work consultation done at St. John's Hospital indicated respondent's parents were deceased and he has two brothers and one sister living in Springfield, one sister in Orlando, Florida, one sister in California, and one sister who is an Ursuline nun in Pueblo, New Mexico.

■ This court has stated that, in mental health cases, strict compliance with the statutory provisions is compelling since a liberty interest is involved. Noncompliance with statutorily prescribed involuntary commitment procedure renders the judgment erroneous and of no effect. (*In re Elkow* (1988), 167 Ill. App. 3d 187, 193, 521 N.E.2d 290, 294.) As stated, we need only address the contention that section 3—601(b)(2) was not complied with because the petition fails to allege that a diligent inquiry to find respondent's spouse, parent, guardian, close relative, or friend had been made.

■ Section 3—601(b)(2) of the Code requires that the petition shall include the names and addresses of such persons or, if the petitioner was unable to supply such names and addresses, the petition "shall state that diligent inquiry was made to learn this information and specify the steps taken." (Ill. Rev. Stat. 1989, ch. 91½, par. 3—601(b)(2).) According to the report, although respondent has little contact with his family, there is no excuse for failure to contact a close relative as required by the statute. The issue as to compliance with section 3—601(b)(2) is not whether there was substantial compliance. The petition fails to show any compliance. To say this petition was adequate would render meaningless the provisions of section 3—601(b)(2) and eliminate an important protection to persons similarly situated to respondent. *Elkow*, 167 Ill. App. 3d at 193, 521 N.E.2d at 294.

Accordingly, the judgment of the circuit court of Sangamon County is reversed.

Reversed.

GREEN, P.J., and STEIGMANN, J., concur.