*In re* MICHAEL D., Found to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Michael D., Respondent-Appellant).

First District (1st Division)    No. 1—98—1730

Opinion filed June 21, 1999.

Laurel Whitehouse Spahn, of Guardianship & Advocacy Commission, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Kimberly J. Anderson, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Following a bench trial on a petition for the involuntary commitment of respondent, Michael D., for mental health treatment, the circuit court ordered respondent committed and hospitalized at Chicago-Read Mental Health Center (Chicago-Read) for up to 180 days. Respondent appeals. We reverse.

Respondent is a 74-year-old widower suffering from bipolar disorder whose relationship with his neighbors, Mr. and Mrs. Strom, had resulted in repeated police intervention. Respondent allegedly threatened the Stroms and swung an axe at Mrs. Strom. As a result, Officer Poland of the Chicago police department took respondent to a hospital for psychiatric evaluation. Respondent admitted himself to Chicago-Read for treatment, but requested discharge the following day. The Chicago-Read staff refused to discharge respondent and filed a petition for involuntary admission under the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1—100 et seq. (West 1996)).

At the hearing on the petition but before testimony began, respondent's counsel requested that the hearing be closed to the public pursuant to section 3—800 of the Mental Health Code. The court granted the motion but allowed Mrs. Strom and Officer Poland to remain in the courtroom. Respondent then requested that the court exclude witnesses from the courtroom. The court responded, "I think we could proceed as we are. No more exclusions."

Again, after Mrs. Strom and Officer Poland had testified, respondent's counsel requested that witnesses be excluded from the remainder of the hearing because it had been closed and the testimony of respondent's psychiatrist would be confidential. The court denied the request and permitted Mrs. Strom and Officer Poland to remain in the courtroom while respondent's psychiatrist testified as to respondent's mental condition. At the close of the hearing, the court ordered respondent hospitalized at Chicago-Read. Respondent appeals.

On appeal, respondent first argues the commitment order must be reversed because the court violated his statutory right to a closed hearing. We agree.

■ Section 3—800(c) of the Mental Health Code requires that the court close a commitment hearing to the press and public upon request of the respondent unless someone objects. 405 ILCS 5/3—800(c) (West Supp. 1997). Counsel for respondent requested the courtroom be closed pursuant to section 3—800(c) and no one objected. For purposes of this statute, Mrs. Strom and Officer Poland were members of the public and should have been excluded. *In re Yates*, 35 Ill. App. 3d 829, 342 N.E.2d 791 (1976) (guardian of minor delinquent subject to exclusion though considered a party to the adjudicatory hearing under the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—2)). Accordingly, the court erred in allowing Mrs. Strom and Officer Poland to remain in the courtroom once the motion had been granted.

The State responds that even if the court violated section 3—800, the error was harmless and outright reversal of the commitment order is unwarranted. The State points out that section 3—800 does not expressly provide for automatic reversal and urges this court to employ a "totality of the circumstances" analysis to determine whether the commitment order should stand. Under that analysis, the State contends reversal of the commitment order is unwarranted because there was overwhelming evidence that respondent was subject to involuntary admission and the presence of witnesses in the courtroom during testimony about respondent's medical history did not affect the outcome. We disagree.

■ Because the procedural rules of the Mental Health Code are primarily intended to protect a respondent's fundamental liberty interest, we have repeatedly held that failure to comply with those rules requires reversal of an involuntary commitment order. *In re Moore*, 292 Ill. App. 3d 1069, 686 N.E.2d 641 (1997) (petition error); *In re Adams*, 239 Ill. App. 3d 880, 607 N.E.2d 681 (1993) (same); *In re Wiessing*, 229 Ill. App. 3d 737, 593 N.E.2d 1137 (1992) (same). Admittedly, the procedural rule at issue here is intended to protect the respondent's privacy interest in his or her medical records more than his or her liberty interest. Nevertheless, since the legislature is presumed to know that the remedy for violating the procedural rules of the Mental Health Code is reversal of an involuntary commitment order (*Cripe v. Leiter*, 184 Ill. 2d 185, 197-98, 703 N.E.2d 100, 106-07 (1998) (legislature presumed to know judicial construction of statute); *In re Marriage of Burgess*, 302 Ill. App. 3d 807, 707 N.E.2d 125 (1998) (same)), if it had desired a different remedy for the particular procedural rule at issue here, it could have provided for it in the statute. It did not. Accordingly, the error of the court was not harmless and reversal is warranted.

Next, respondent urges reversal because the court abused its

discretion in denying his motion to exclude witnesses. We agree. Ordinarily, the exclusion of witnesses is a matter within the sound discretion of the trial court and will not be disturbed unless clear abuse or prejudice to the respondent is demonstrated. *People v. Chennault*, 24 Ill. 2d 185, 181 N.E.2d 74 (1962). Here, however, the language of section 3—800(c) is mandatory and removes the discretion of the trial court in excluding witnesses.

The State counters that no prejudice resulted because the purpose of exclusion—to prevent one witness from affecting the testimony of another witness and depriving respondent of an opportunity to expose false testimony—did not apply. The court believed no prejudice would result from the presence of witnesses in the courtroom because they "had a great deal of exposure to [Michael D.] already" and "[knew] the state of his mentality to some degree." A discussion of resultant prejudice is appropriate in an abuse of discretion analysis. Here, section 3—800(c) of the Mental Health Code is mandatory and dispositive with no requirement of resultant prejudice.

■ Next, respondent contends the commitment order must be reversed because the trial court prohibited him from cross-examining the State's expert with respondent's daily patient care assessments from his Chicago-Read chart. We agree.

The State called respondent's psychiatrist, Dr. Palacio, as an expert witness as to respondent's mental health. Dr. Palacio testified that she had relied on respondent's current Chicago-Read chart in forming her opinion. Documents relied upon by a witness in preparing his or her testimony are appropriate materials for cross-examination. *Wilson v. Clark*, 84 Ill. 2d 186, 417 N.E.2d 1322 (1981) (adopting Federal Rules of Evidence 703 and 705); *Piano v. Davison*, 157 Ill. App. 3d 649, 671, 510 N.E.2d 1066 (1987) (expert may be cross-examined regarding the basis of his or her opinion which may include reports or medical tests performed by others).

Here, the court's refusal to permit respondent's counsel to use the Chicago-Read chart for cross-examination deprived respondent of the opportunity to discredit Dr. Palacio's opinion as being without adequate basis. This deprivation resulted in manifest prejudice to respondent's case. Accordingly, we reverse the court's commitment order. *People v. Jefferson*, 260 Ill. App. 3d 895, 904, 631 N.E.2d 1371 (1994) (court's decisions on cross-examination warrant reversal where there has been an abuse of that discretion resulting in manifest prejudice); *Lindh v. Murphy*, 124 F.3d 899 (7th Cir. 1997) (unjust restriction on impeachment of the State's expert psychiatrist warrants reversal). If the State believes commitment is still necessary, it must initiate new proceedings. *In re Barbara H.*, 183 Ill. 2d 482, 702 N.E.2d 555 (1998).

■ Finally, respondent contends the court committed reversible error in refusing his questions of a social worker about less restrictive alternative settings and in refusing him his constitutional and statutory right to treatment in the least restrictive alternative setting. Because this issue may arise in a new proceeding, we address it.

The Mental Health Code requires trial courts to consider alternative and less restrictive mental health facilities as alternatives to inpatient psychiatric hospitalization. 405 ILCS 5/3—811 (West 1996). Here, the court prevented respondent's counsel from introducing evidence regarding less restrictive alternative settings and denied respondent's counsel the opportunity to make an offer of proof. This evidence was relevant, probative and should have been allowed. Without it, the trial court was unable to fulfill its statutory responsibility (405 ILCS 5/3—811 (West 1996); *In re Long*, 237 Ill. App. 3d 105, 606 N.E.2d 1259 (1992)) of determining whether respondent was denied his constitutional and statutory right to treatment in the least restrictive alternative setting.

Reversed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.