RICHARD WALKER, A MINOR *v.* STATE.

No. 41462          April 4, 1960          119 So. 2d 277

*Lester Williamson,* Meridian, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

This proceeding was instituted by the County Prosecuting Attorney in the Youth Court of Lauderdale County, and the proof taken therein disclosed that the said minor lived with his father's sister Arzella Walker in said County, and that she has had the custody of the minor since he was about three years of age; that she works at night and that there is no one at the home with the minor during her absence, since the mother of the

minor died several years ago and his father works at odd jobs in Hattiesburg, Gulfport and Pascagoula, Mississippi.

■■ ■ We think that the definition of a ''neglected child'', subsection (h) of Chapter 207, Laws of 1946, Section 7185-02, Code of 1942, is sufficiently broad in its terms to apply to this minor under the proof made in the case, but that since the only person who appeared on behalf of the minor at the hearing in the Youth Court was the minor's aunt Arzella Walker, and the proof disclosed without dispute that the father of the minor resides within the state, and no attempt was made to get process upon him, the Youth Court was without authority to send the minor to the State Hospital at Whitfield, Mississippi, ''for examination, observation and treatment'' since Section 6 of Chapter 207, Laws 1946, (Section 7185-06, Code 1942) provides among other things that ''if the person so summoned shall be other than one of the parents or the guardian of the child, then such summons shall also issue to and be served upon one of the parents or guardian of said child if one of the parents or guardian resides within the state and can, by diligent search and inquiry, be located therein.''

Upon appeal to the chancery court the case was affirmed upon the record, and it is from that decree that this appeal is taken.

We have concluded therefore that the cause should be reversed and remanded to the chancery court in order that process be had by the Youth Court upon the child's father, if he can, by diligent search and inquiry, be located in this state.

Reversed and remanded.

*Kyle, Holmes, Ethridge* and *Gillespie, JJ.,* concur.