227 So.2d 282 (1969)
In the Interest of Bobby Earl HOPKINS, a Child
v.
YOUTH COURT OF ISSAQUENA COUNTY.
No. 45433.
Supreme Court of Mississippi.
October 20, 1969.
Martha M. Wood, Robert B. Fitzpatrick, Jackson, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
*283 GILLESPIE, Presiding Justice.
Bobby Earl Hopkins was certified by the Youth Court of Issaquena County for prosecution for burglary. After indictment *284 in circuit court, he was tried and convicted. Upon appeal to this Court, the conviction was reversed on the ground, among others, that the order waiving the juvenile court's jurisdiction did not show that a hearing was had in the presence of the child and his parents. Hopkins v. State, 209 So.2d 841 (Miss. 1968).
Thereafter the case was remanded to the Youth Court of Issaquena County and the judge thereof ordered the case set for hearing and directed the clerk to issue process as provided by the Youth Court Act, and the child and two older sisters were duly summoned. The mother, Mrs. Lennie Hopkins, who had moved to Cleveland, Ohio, appeared at the hearing in youth court as did the two older sisters and two older brothers of the child. Upon hearing the matter, the youth court entered an order adjudging Bobby Earl Hopkins a delinquent child in need of training, and ordered him placed in Oakley Training School or such other training school as may be designated by law, there to remain until further order of the court. From this order, the child appealed to this Court.

1.
The decisive question is whether an order adjudging a child to be a delinquent within the meaning of the Youth Court Act and ordering him to a training school is valid when his only parent and his older brothers and sisters were excluded from the hearing under the rule for sequestration of witnesses. We hold the order is invalid and reverse.
At the beginning of the hearing the following events transpired: The youth court inquired if the rule regarding sequestration of witnesses should be invoked. Although the district attorney stated that he would not ask that the rule be invoked, the counsel for the child requested that the rule be invoked. The court then directed that everyone, except the person who was then to testify, leave the courtroom. Upon inquiry by counsel for the child, the court stated that under its ruling the mother, brothers, and sisters of the child should be excluded from the courtroom, except when they took the witness stand to testify. Such sequestration remained in force throughout the hearing. The child's father had died several years before, so the child was not permitted to have any member of his family in the courtroom during the entire hearing.
The Youth Court Act provides that the child and parents, or the person having custody or control of the child, be summoned along with the child to show cause why the child should not be adjudged a delinquent and dealt with according to law. Miss.Code 1942 Ann. § 7185-06 (Supp. 1968). The youth court is without jurisdiction unless the parents or guardian if available, be summoned as required by statute. Monk v. State, 238 Miss. 658, 116 So.2d 810 (1960); Walker v. State, 238 Miss. 532, 119 So.2d 277 (1960). It is invalid to conduct a hearing without summoning the parent and it is invalid to conduct a hearing when the parent, when present, is excluded from the courtroom. In this case, two older sisters, who live in Issaquena County, were summoned with the child because the mother had moved to Cleveland, Ohio, where the child also had been living with his mother; however, the mother appeared at the hearing and the child had a right to have his mother participate in the hearing although she had not been summoned, especially since the older sisters who were summoned and the older brothers who were present, were excluded from the hearing. The Youth Court Act contemplates a hearing with the parents present during the entire proceedings. Because of the exclusion of the child's parent from the hearing the order in this case was rendered without due process of law and, therefore, is invalid.

2.
It is further contended that the youth court erred in overruling the child's request for a jury trial. Bobby Earl Hopkins *285 was charged with being a delinquent because he committed the crime of burglary and he could be detained in a training school until he becomes twenty years old. Miss.Code 1942 Ann. § 7187-09 (Supp. 1968). We have carefully considered the arguments of appellant that the child should have been granted a jury trial under In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and other cases. It is argued that trial by jury is a right in juvenile proceedings when the child may be detained for a substantial period of time upon being adjudged a delinquent. For the purposes of the question under consideration, the same commitment may be made of a juvenile delinquent whether he has committed an act which would constitute a felony, if he were an adult, as charged in the present case, or is one whose occupation, behavior, environment, or associations are injurious to his welfare or the welfare of other children, or who deserts his home, or who is habitually disobedient to or beyond the control of his parents, or in the other noncriminal ways, comes within the statutory definition of a "delinquent child." Miss. Code 1942 Ann., § 7187-02 (Supp. 1968). Our Youth Court Act provides that hearings shall be had without a jury and the Legislature has provided no procedure for jury trials. Therefore, we hold that the trial court did not err in denying a jury trial.

3.
The assignment of error based on the allegation that the training schools to which juvenile delinquents are committed are segregated by race is not a matter within the scope of the youth court hearing. The youth court is not the proper forum for the determination of this issue.

4.
It is next argued that the child should not have been committed under the facts developed at the hearing. The matter of disposition is within the sound discretion of the trial judge.

5.
In the appellant's final assignment of error, it is contended that the trial court erred in excluding the testimony of a witness who had been in the courtroom while another witness was testifying. We are of the opinion the court erred in refusing to allow the child's attorney to make an offer of proof as to the content of that witness' testimony.
Whether or not a witness should be allowed to testify after having been in the courtroom when the rule has been invoked is usually a matter for the discretion of the trial court. Nonetheless, a litigant is entitled to make a tender of proof to enable the trial court to exercise its discretion and to make a record that can be reviewed on appeal. In this case the trial court did not properly exercise its discretion because it failed to determine whether the witness heard any other witness testify to any material facts, and, moreover, the trial court refused to hear what the testimony of the tendered witness would have been. We are therefore of the opinion that the court erred in refusing to allow the child's attorney to make an offer of proof.
In Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953), this Court said:
It seems to us that the point is well taken by appellant, because, if a trial court were permitted to deny a party the right to show in the record what a proposed witness would testify, the result would be that, no matter how material and important the testimony might be, the party offering the witness and his testimony would be helpless to obtain relief on appeal. Accordingly, it follows that counsel has the right, when an objection to the testimony of a witness is sustained, to show in the record by appropriate means the nature and content of the *286 proposed testimony. Since this right was denied to appellant, this case must be reversed and remanded. (217 Miss. at 67, 63 So.2d at 667).
For the reasons stated, the order committing the child is reversed and vacated and the case is remanded for further proceedings.
Reversed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.