347 So.2d 520 (1977)
In the Interest of James Timothy WILDER, Jerry Miles, and Larry Simmons.
No. 49654.
Supreme Court of Mississippi.
May 18, 1977.
Rehearing Denied July 13, 1977.
Robert L. Williams, Ben F. Horan, Horan & Horan, Water Valley, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
*521 LEE, Justice, for the Court:
The Youth Court judge of the Second Judicial District of Yalobusha County, after a hearing on petitions alleging that James Timothy Wilder, Jerry Miles and Larry Simmons were delinquent because of violating Mississippi Code Annotated Section 97-37-21 (1972) [Bomb Threat Statute], found the minors to be delinquent and committed them to Columbia Training School until they attained the age of twenty (20) years.
The appellants assign the following errors:
(1) The court erred in admitting illegally-obtained confessions of the appellants.
(2) The order of the court amounted to cruel and unusual punishment in violation of the Eighth Amendment and Section 26 of the Mississippi Constitution.
(3) The finding of delinquency was against the overwhelming weight of the evidence.
(4) The court erred in overruling Jerry Miles' motion for severance.
(5) The court abused its discretion in committing the minors to Columbia Training School.
The appellants were each thirteen (13) years of age and were enrolled at Water Valley Attendance Center. They walked downtown, on January 22, 1976, to a service station where Larry Simmons telephoned the local police station stating that a bomb had been placed in the school. Jerry Miles and Timothy Wilder helped look up the telephone number and aided in the telephone call. When Simmons dialed the number, Miles and Wilder ran. On the next day, January 23, Simmons again called the police station and stated a second bomb threat. The boys claimed that a school bully conceived the bomb threat idea and that the call(s) was made because they feared him.

I.
Did the court err in admitting the confessions of the appellants?
Sheriff Jones received a tip that the boys had made the telephone calls, he signed a petition against Larry Simmons, went to his home with a summons, and, in the presence of Larry and his parents, advised Larry of his Miranda rights. Mr. Simmons told his son to talk with the sheriff. Larry indicated that he understood his rights, that he did not mind talking, and he voluntarily confessed to both calls. Thereupon, he was arrested. The sheriff then obtained a summons for Wilder and Miles and went to the Miles home. He advised Miles, in his father's presence, of his Miranda rights, both understood them, Miles gave a voluntary confession and was arrested. Sheriff Jones next went to the home of Timothy Wilder, advised him of his rights in the presence of his mother, Wilder voluntarily confessed and was arrested.
The appellants contend that they could not execute a proper waiver of their Miranda rights without knowing what they were to be questioned about, and that the sheriff failed to inform them they had the right to stop interrogation at any point they so desired. An individual has a right to stop the interrogation at any time he wishes, but it is not required that he must be so informed. If the accused indicates in some way that he wishes questioning to cease, the interrogation must end. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record reflects that the warning given by the sheriff complied with the Miranda decision. Further, the Miranda warnings are applicable to custodial interrogation, that is, questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way. Appellants were advised of their rights under the Miranda decision in the presence of their parents, they voluntarily made statements to the sheriff with the consent of their parents, and they were not arrested and detained until after the statements were made. We are of the opinion that the court committed no error in admitting the confessions of the appellants. Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).

*522 II.
Did the order of the Youth Court constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Section 26, Mississippi Constitution?
The Youth Court ordered the minors committed to Columbia Training School until they attained the age of twenty (20) years, "or until the earlier further orders of the court." Mississippi Code Annotated § 97-37-21 (1972), under which the minors were found to be delinquent for violation of same, provides a penalty of not exceeding one (1) year imprisonment in the county jail and not exceeding five hundred dollars ($500.00) fine, or both, for violation of the statute (misdemeanor: reporting placement of a bomb in a public place). It is contended that appellants potentially could be deprived of their freedom for seven (7) years. This contention also presents the question of whether or not appellants have been deprived of equal protection of the law in violation of appellants' Fourteenth Amendment rights under the United States Constitution.
Courts in other jurisdictions have distinguished penalties and punishment provided by penal statutes from corrective treatment, rehabilitation, and social redemption and restoration in Youth Correction Acts.
In McGann v. United States, 440 F.2d 1065 (5th Cir.1971), the Court said:
"In a motion to vacate and set aside his conviction and sentence under 28 U.S.C.A., Section 2255, petitioner contends that his six-year indeterminate sentence as a youth offender amounted to cruel and unusual punishment in that the Dyer Act penalty would have been limited to a five-year maximum.
The Youth Corrections Act reveals a statutory scheme directed toward rehabilitation and earliest possible release. Commitment is `in lieu of the penalty of imprisonment.' Sentence under the Act is an effort to aid the defendant by giving him the benefit of its specialized and selective treatment. See United States v. Dancis, 2 Cir., 406 F.2d 729 (1969).
That a sentence is not invalid for the reason advanced by petitioner has been so repeatedly and uniformly held that the contention is `entitled to be treated as legally frivolous.' Kotz v. United States, 8 Cir., 353 F.2d 312 (1965)." 440 F.2d at 1066.
Previously, Justice Burger stated the same principle in Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962).
We agree that there is a distinction and difference between the penal statutes and the juvenile delinquency statutes and that there is no merit in this assignment.

III.
Was the finding of delinquency against the overwhelming weight of the evidence?
The appellants admitted that Larry Simmons actually made the telephone calls and they admitted that Timothy Wilder and Jerry Miles were present, aiding and abetting Larry Simmons in making the first call. The confessions were corroborated by other evidence. It is an elementary principle of law that all persons who aid, incite, and abet the commission of a misdemeanor are guilty as principals. State v. Labella, 232 So.2d 354 (Miss. 1970).
The evidence sustains the finding of delinquency by the court.

IV.
Did the court err in overruling Jerry Miles' motion for severance?
There is no provision in the Youth Court Act for severance or that juveniles alleged to be delinquent be entitled to separate hearings. Appellant Miles does not show, nor does the record reflect, that he was prejudiced in any way by consolidation of the petitions and by hearing them together, and there is no merit in this assignment.

V.
Did the court abuse its discretion in committing the minors to Columbia Training School?
*523 In Ford v. Grenada County Youth Court, 214 So.2d 462 (Miss. 1968), an eleven-year-old Negro boy was committed to Oakley Training School for having stolen a washpot of the value of three dollars ($3.00). The Court vacated the decree and remanded the cause to the Youth Court to consider further evidence of the youth's conduct and condition since entry of the decree. This Court affirmed the Youth Court in Hopkins v. Youth Court of Issaquena County, 227 So.2d 282 (Miss. 1969), stating that the action of the Youth Court judge in committing Hopkins to an industrial training school, under the facts there developed, was within his sound discretion.
Each of the appellants here was thirteen (13) years of age at the time of the hearing, they had not been in any previous trouble, they were members of good families, and the evidence discloses that their parents maintained supervision over the children and disciplined them. We are unable to say that the Youth Court judge abused his discretion in committing the appellants to Columbia Training School, and we affirm the judgment. However, we remand the case to the Youth Court and direct that it hear additional evidence covering the period since January 31, 1976 (date of Youth Court order) pertaining to the conduct, behavior and attitude of the appellants for determination as to whether or not said judgment should be modified.
AFFIRMED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.