384 So.2d 1320 (1980)
Howard M. HARNUM, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1384.
District Court of Appeal of Florida, Second District.
June 18, 1980.
*1321 Robert B. Bennett, Jr., Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and James Whisenand, Deputy Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
Talbot D'Alemberte and Donald M. Middlebrooks of Steel, Hector & Davis, Miami, for amicus curiae Post-Newsweek Stations, Florida, Inc.
OTT, Judge.
On December 27, 1977 appellant was convicted of a violation of Section 839.25, Florida Statutes (1975), which purports to proscribe "Official Misconduct." The basis of the charge was that appellant, as chief of police of North Port, Florida, caused the records of the 1975 arrest of a DUI suspect to be altered to show a breathalyzer reading of .13 instead of the .30 actually recorded at the time of the arrest.
Appellant's defense, in essence, was that his codefendant, Sgt. Reinert (who was tried separately, convicted and had died before appellant's trial), came to him two days after the arrest and stated that he had made a mistake in recording the reading of a malfunctioning breathalyzer. He asked appellant how the matter should be handled. Appellant allegedly instructed Reinert to correct his mistake, and gave the same instructions to Lorenz (the arresting officer) and Ms. Kerns (the dispatcher), in order to avoid exposing the city to a false arrest charge. On the basis of the altered breathalyzer reading the DUI charge was reduced to reckless driving.
However, arresting Officer Lorenz (originally also a codefendant) was granted immunity and testified that the breathalyzer test result at the time of the arrest actually was.30, that he had been ordered by appellant to change his report to show only a .13 reading so that the DUI suspect "would not lose his license", and that the business about a "mistake" by Sgt. Reinert was made up by appellant at a later date.
There was considerable publicity about the case in Sarasota, consisting of newspaper stories, editorials (calling for appellant's dismissal as chief of police), TV commentaries, etc. Appellant's motion for a change of venue on the grounds of inability to get a fair trial was denied. No difficulty was experienced in getting a panel or jury, and appellant did not use all of his peremptory challenges. There is no evidence anywhere in the record that any member of the jury was influenced by the pretrial publicity, or in any way biased against appellant. Under those circumstances, *1322 appellant's attack on the trial court's refusal to order a change of venue must fail. Jackson v. State, 359 So.2d 1190 (Fla. 1978).
Equally unavailing are appellant's attacks on the sufficiency of the evidence and certain testimony by Lorenz on redirect examination. As to the first point, appellant's argument is predicated on the absence of any direct controversion of Reinert's testimony that two days after the arrest in question he informed appellant of his "mistake" and that what followed was merely a "correction of the records." In other words, appellant asserts that irrespective of whether Reinert did or didn't make a mistake, there is no evidence that appellant was aware of anything except that a mistake had in fact been made, and thus there is no evidence that he knowingly caused the records to be "falsified" as prohibited by the statute. Appellant ignores, however, the damaging inferences arising from Lorenz' testimony that (1) when appellant told him to change his report, no mention was made of any mistake, but only the DUI suspect's potential loss of driving privileges unless the breathalyzer reading was reduced, (2) that the "mistake" story was manufactured by appellant at a later date, and (3) when Lorenz' deposition was to be taken by the state attorney, appellant called him in and "suggested" in a coercive manner that he stick to the "mistake" version. That evidence, though circumstantial, was sufficient to support a finding that appellant knew that no mistake had actually been made and that he was in fact ordering a "falsification" of the records.
As for the claimed error in permitting Lorenz to give certain testimony on redirect examination, the trial court ruled at the time that defense counsel had "opened the door" by asking certain questions on cross-examination. The records supports the trial court's view of the situation, but even if it did not, and even if the ruling was erroneous, we think the error would be harmless. The order of proof in a trial is largely left to the discretion of the trial court. If Lorenz had been excused from the witness stand without establishing some point the prosecutor deemed vital to his case, the simple expedient of recalling Lorenz to the stand would have cured the oversight. Surely appellant would not deny the power of the court to permit the recall of the witness, even if it had required reopening the case  particularly where prejudice is so indiscernible. Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978).
Appellant's main arguments on appeal were constitutional, and both points have now been settled by our supreme court. Appellant complained of error in permitting television cameras and reporters into the courtroom, but the supreme court has ruled that such practice is permissible in the absence of a showing that prejudice has resulted (and appellant has demonstrated none here). In re Post-Newsweek Stations, Florida, Inc., 370 So.2d 764 (Fla. 1979). Appellant's attack on the constitutionality of the statute under which he was prosecuted (§ 839.25(1)(b), Fla. Stat.) was recently adjudicated adversely to his position in State v. Riley, 381 So.2d 1359 (Fla. 1980).
Appellant also claims error in sentencing. He was charged with and convicted of two offenses (official misconduct and tampering with physical evidence) arising out of the same acts. He was given a single, general sentence of three years, without apportionment between the offenses. The state at least tacitly concedes this to be error, recognizing the rationale and authority of such cases as Darden v. State, 306 So.2d 581 (Fla.2d DCA 1975). The traditional remedy for such error is to remand the case for proper sentencing. Maxwell v. State, 336 So.2d 658 (Fla.2d DCA 1976).
Accordingly, we affirm the convictions but vacate the sentence and remand the case to the circuit court with instructions to resentence appellant, with apportionment of such sentence between the two crimes of which he stands convicted.
GRIMES, C.J., and HOBSON, J., concur.