675 N.E.2d 1104 (1996)
In the Matter of L.B., a Child Alleged to be a Delinquent Child, Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 71A03-9511-JV-391.
Court of Appeals of Indiana.
December 23, 1996.
*1105 James N. Clevenger, Kizer & Neu, Plymouth, for Appellant-Respondent.
Pamela Carter, Attorney General of Indiana, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee-Petitioner.

OPINION
HOFFMAN, Judge.
Appellant-respondent, sixteen-year-old L.B., appeals the finding of delinquency and the dispositional order directing that he be sent to Indiana Boys School. The facts relevant to the appeal are recited below.
In March 1994, L.B. and a group of friends were at an apartment. The victim, fourteen-year-old C.A. was present. The friends drank alcoholic beverages and listened to music.
L.B. asked C.A. to talk to him in the bathroom. Once inside the bathroom, L.B. and C.A. talked. Then L.B. pushed C.A. onto her back. L.B. ordered C.A. to perform a sexual act. He removed C.A.'s jeans and underwear, removed his pants and put on a condom. C.A. repeatedly said, "No." C.A. struggled to get up, but L.B. pushed her back stating he would be gentle. L.B. penetrated C.A. who felt pain and started to cry.
C.A.'s pleas were overheard by her friends in the living room. They attempted to enter the bathroom. L.B. blocked their entrance. The friends persisted. L.B. relented and allowed C.A. to dress and leave the bathroom.
C.A. was crying as she left the bathroom. She told her friends that she was hurt. Soon thereafter, her friends took C.A. to a hospital.
Petitions alleging the delinquency of L.B. were filed. Included were three charges: Count I, child molesting, a Class C felony; Count II, sexual battery, a Class D felony; and Count III, child molesting, a Class D felony. After a hearing conducted on two days in March 1995, the court found that L.B. committed the acts alleged in Counts I and III. L.B. was determined to be a delinquent child. After a dispositional hearing, L.B. was ordered to Indiana Boys School. This appeal ensued.
As restated, L.B. presents three issues for review:
(1) whether L.B.'s due process rights were violated when his parents were required to leave the hearing based upon a separation of witnesses order;
(2) whether the trial court erred in weighing the evidence of a partially erased allegedly exculpatory tape-recorded conversation; and
(3) whether trial counsel was ineffective.
L.B.'s first contention is that his constitutional right to due process was impeded when his parents were not allowed to listen and participate in his entire hearing based upon the order separating witnesses. According to L.B., the right of his parents to be present at all stages of the hearing is of constitutional proportions. Although no objection was raised regarding the exclusion of his parents in the separation order, L.B. *1106 contends that his trial counsel was ineffective for failing to do so.
IND.CODE § 31-6-4-9 (1995 Supp.) provides, in pertinent part:
Petition alleging delinquency
(g) The child, the child's parent, the child's guardian, or the child's custodian,[1] and the prosecuting attorney are parties to the proceedings described in this article and have all rights of parties provided under the Indiana Rules of Trial Procedure.
Added in P.L. 268-1995, Section 5.
The provision in (g) was added to the section regarding delinquency petitions effective July 1, 1995, several months after the hearing in the instant case.[2] Along with other rights, the section acknowledges the right of parents to be present at hearings concerning the child.
The right may be waived. A specific provision for waiver appears in IND.CODE § 31-6-7-3(g) (1993 Ed.) which states: "The right of a parent, guardian, or custodian to be present at any hearing concerning his child is waived by that person's failure to appear after lawful notice." The section providing for waiver of the right to be present existed prior to the codification prescribing parents rights as parties in delinquency proceedings. Implicitly, the parents' right to be present at delinquency proceedings and other matters concerning their minor children pre-dates the codification.
Amendments to statutes are to be construed in conjunction with the original act to which they relate as constituting one law, as a part of the original act, and with other statutes on the same subject or relative subjects whether in force or repealed. Town of Merrillville v. Merrillville Conservancy, 649 N.E.2d 645, 651 (Ind.Ct.App.1995). Upon enacting an amendatory statute, the legislature is presumed to have intended to alter the law. Id. However, an exception to the presumption exists. The presumption is inapplicable if it appears that the amendment was made only to express the original intention of the legislature more clearly. Id.
In the present case, construction of the portion of the statute formalizing parents' rights as parties in conjunction with the surrounding statutes which already contained the provision, and related statutes which spoke of waiving the right to be present, clearly indicates that the legislature intended to clarify parents' rights as parties. The acts regarding juveniles are replete with references to parents' rights to attend and participate in proceedings regarding their minor children whether the proceedings are directed to acts of the parents or the children. Indeed, except in circumstances similar to those in the present case with a separation of witnesses order applied to parents as witnesses, it is difficult to perceive of courts intentionally excluding parents from delinquency proceedings. Accordingly, parents' rights as parties pre-date the amendment to the delinquency petition statute. The right of L.B.'s parents to be present at L.B.'s delinquency proceedings existed at the time of the hearing, at which they were excluded.
Here, the exclusion of the parents during a substantial portion of the delinquency hearing was based upon the request for separation of witnesses. The parents appeared. They left the hearing only upon instruction by the court. The trial court stated:
There has been a motion for separation of witnesses. Each side may designate a party as their witness-in-chief to remain at counsel table, and everyone else has to remain outside of the court room until they are called to testify. You are further admonished not to discuss your testimony with anyone other than the attorneys.
Generally, "`[i]t is the right of every party litigant to be present in person in court *1107 upon the trial of his own case.'" See Gage v. Bozarth, 505 N.E.2d 64, 65 (Ind.Ct.App.1987) (finding exception when party unable to assist in or comprehend proceedings, due process rights may be adequately protected by counsel), quoting Ziegler v. Funkhouser, 42 Ind.App. 428, 432, 85 N.E. 984, 986 (1908). Further, it is noteworthy that criminal defendants' right of confrontation requires their presence unless a voluntary, knowing and intelligent waiver is made. See Jenkins v. State, 596 N.E.2d 283, 285 (Ind.Ct.App.1992).
Here, the parents' exclusion was not occasioned by a knowing or voluntary waiver of the right to be present. Further, the exclusion was not based upon an inability to assist in or comprehend the proceedings.
Even in a criminal setting, the denial of the right of confrontation at various stages of the proceedings could be harmless error. See Walker v. State, 607 N.E.2d 391, 396 (Ind.1993) (admission into evidence of deposition at which defendant not present, harmless error where evidence was cumulative and evidence against defendant was compelling). Review of the record discloses that the evidence favorable to the adjudication is compelling. However, the exclusion here was not for a small portion of cumulative evidence but for a substantial portion of the proceedings, including the entire case-in-chief for the State during the adjudication hearing. The parents' exclusion, absent a valid waiver, was not harmless.
Given that the right existed, it must be determined whether it may be asserted by L.B. and whether denial of the right implicates the child's due process concerns. Again focusing upon the tenor of the provisions relating to juveniles, the rights accorded parents and child are viewed as coextensive. Parents and child are treated as one. With the exception of petitions alleging the children to be in need of services often including allegations of some neglect by the parents, the child's and parents' interests are the same.
The seminal case regarding the due process rights of children, In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), treated parent and child as having the same interests. The due process analysis in Gault used terms such as "juvenile," "parent" and "child" while discussing the due process concerns attendant to inter alia notice, and the right to counsel. E.g. id. 387 U.S. at 25, 87 S.Ct. at 1442, 18 L.Ed.2d at 545. In rejecting the argument that the parents and the child were not entitled to notice of the nature of the complaint because juvenile matters should be buried from public view so as not to stigmatize children, the Gault court stated:
It is interesting to notice, however, that the Arizona Supreme Court used the confidentiality argument as a justification for the type of notice which is here attacked as inadequate for due process purposes. The parents were given merely general notice that their child was charged with `delinquency.' No facts were specified. The Arizona court held, however, as we shall discuss, that in addition to this general `notice,' the child and his parents must be advised `of the facts involved in the case' no later than the initial hearing by the judge. Obviously, this does not `bury' the word about the child's transgressions. It merely defers the time of disclosure to a point when it is of limited use to the child or his parents in preparing his defense or explanation.
Id. It is apparent from various passages that parents and children are treated as one for notice and other requirements satisfying due process.
IND.CODE § 31-6-7-3, entitled "Waiver of rights; parent and child," specifies the circumstances and those who may waive rights. In pertinent part, the statute provides:
Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:
(1) by counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or
(2) by the child's custodial parent, guardian, custodian, or guardian ad litem if:
(A) that person knowingly and voluntarily waives the right;

*1108 (B) that person has no interest adverse to the child;
(C) meaningful consultation has occurred between that person and the child; and
(D) the child knowingly and voluntarily joins with the waiver.
IND.CODE § 31-6-7-3. The statute specifies a strict standard of waiver for juveniles in order to safeguard their rights. See Beldon v. State, 657 N.E.2d 1241, 1244 (Ind.Ct. App.1995). A child's rights may be waived by his counsel, his parent or his guardian joined by the child; however, the waiver statute does not authorize a minor to unilaterally waive his own rights. Id.
Courts and legislatures have painstakingly crafted procedures to ensure the due process rights of children in recognition of their unique position in the court system. The tension between the desire to make juvenile proceedings less formal or awesome and the real possibility of deprivation of freedom require the utmost attention to due process concerns. Without the careful guidance of an adult who would be mindful of the child's best interest, there can be no meaningful due process for those from whom society does not expect the sophistication to understand judicial proceedings. While our statutory scheme recognizes legal counsel as filling the fiduciary role required for due process concerns, the presence of counsel should not blunt the right of parents to attend proceedings or the child's access to parents during proceedings.
Although not binding, decisions from other jurisdictions are instructive. In State v. Ostrowski, 30 Ohio St.2d 34, 282 N.E.2d 359 (1972), the court determined that the exclusion of the child's parents from the courtroom, upon an order for separation of witnesses, was not a violation of the statute allowing them to visit the child or attend hearings involving the child. Id. 282 N.E.2d at 364. The court found that parents are excluded not as parents but as witnesses when based upon an order separating witnesses. Id. The court noted that the child in Ostrowski was represented by counsel during the parental exclusion. Although finding no violation of the parents' right to be present, the court did not note any concern that the right was being asserted by the child as the appealing party. Id. at 359-364.
The question of the child's right to assert the exclusion of his parents was addressed in In re Akers, 17 Ill.App.3d 624, 307 N.E.2d 630 (1974). The court recognized the right of parents to be present and noted that the parents' right was denied when the court excluded them based upon a separation of witnesses order. However, the court found that the violation could not be asserted by the child appealing without his parents.
The court in D.C.A. v. State, 135 Ga.App. 234, 217 S.E.2d 470 (1975) found the parents could not be excluded based upon the separation of witnesses order, because the statutory scheme for juveniles made the parents parties to the proceedings. Id. 217 S.E.2d at 471-472. However, the court found no violation because only the mother had been excluded while the child's father and the child's attorney remained during the exclusion. Id. at 472. In analyzing the right of the parents to attend proceedings, the court stated:
`While ... the juvenile in some cases may, and should, be excluded from, at least a part of, certain type hearings, the exclusion of the child or the child's parents from a hearing or any part thereof when the issue being heard is whether, because of the purported acts of the child, such child is in need of correction is manifestly an abuse of discretion, for who would, under any circumstances, have a more direct interest in the case?' [Emphasis in original.]

* * * * * *
[W]e deem it proper to add that the whole concept of this salutary legislation is to treat the erring juvenile as a part of and with the help of his family.
Id. As in Ostrowski, the court in D.C.A. found no impediment to review in the child's assertion of the right of his parents to be present.
Based upon the language in D.C.A., the court subscribed to the view that the right is integral to the parent-child relationship and their mutual interests. The parents' presence in no small way benefits the *1109 child in the protection of the child's due process rights. Thus, it follows that the child can assert the right to have his parents present.
Considering the sufficiency of the evidence, further proceedings are not foreclosed. L.B.'s contention that the trial court did not give sufficient weight to the evidence regarding a tape-recorded conversation, a portion of which was erased by the prosecutor, is merely an invitation to reweigh the evidence. A reviewing court may not reweigh evidence or judge the credibility of witnesses. State v. Gorzelanny, 468 N.E.2d 589, 591 (Ind.Ct.App.1984). L.B.'s witnesses, including his brother who engaged in the tape-recorded conversation with the victim, were allowed to testify as to their belief of the contents of the tape recording. The trial court as the finder of fact is in the best position to assess the weight given to the testimony, as reflected in our standard of review. Cf. id. (juvenile court entitled to give whatever weight it deems appropriate to testimony).
Accordingly, the judgment adjudicating L.B. a juvenile delinquent is reversed. The cause is remanded for further proceedings consistent with this decision.
Reversed and remanded.
STATON, J., concurs.
CHEZEM, J., concurs in result with opinion.
CHEZEM, Judge, concurs.
I respectfully concur in result. The child has the right to have his parents present absent a finding by the court that parental presence is not in the child's best interest or that the parent is unavailable. With the statute now in effect, the parent has the right as a party to be present in the courtroom during all juvenile proceedings. The question of whether a child's best interest outweighs a parental right to be present is unresolved. But given the current statutory requirements, the child and parents cannot be considered as one with coextensive rights regardless of the type of proceedingchild in need of services, delinquency or status offenses.
The enforcement and protection of rights in the juvenile court has to be considered in light of the child's best interests. Thus, in this case, the question of whether child or parents objected to the removal of the parents could be a crucial part of the analysis. Because this is a mere concurrence, I leave the broader discussion for another day.
NOTES
[1] While the first portion of the section is phrased disjunctively, the intention of Chapter 4, entitled Delinquent Children and Children in Need of Services, is to include those persons who are responsible for and hold a fiduciary position regarding the child. Thus, the section formalizes the role of "party" for parents, guardians and custodians, in addition to the child.
[2] Very similar wording was added in 1989 to IND.CODE § 31-6-4-10, regarding petitions alleging children in need of services, by P.L. 272-1989, Section 2.