BENTON, J.
These consolidated cases ask the question whether a child who has been adjudicated delinquent may raise as error on direct appeal his mother’s exclusion from his adjudicatory hearing and, if so, whether excluding his mother from the courtroom until she testified was in fact error. We answer both questions in the affirmative and reverse for a new adjudicatory hearing.
At an adjudicatory hearing on January 12, 2005, after defense counsel invoked the rule of sequestration, the following transpired:
MR. MASON [defense counsel]: ... One additional matter before we start. Because I haven’t been in front of this Court. The mother I have listed as a defense witness. Now, we have always argued that the mother’s right to be present for the child’s trial is—
THE COURT: I "don’t know any law like that, dp you? That’s nice, if that’s the law, but I don’t know.
MR. MASON: I don’t know if there is law, but we have always made that argument that that would trump the rule of sequestration, and that has always been honored in the past by the previous judges.
THE COURT: Well good, if that’s what they did. I’m not doing it. She can stay outside.
MR. MASON: Your Honor, based on that ruling, I understand the Court’s ruling, I would object to this child going to trial without his mother being present in the courtroom.
THE COURT: Okay. Your objection is noted for the record.
(Emphasis supplied.) The State put on its case-in-chief against J.R. while his mother remained outside the courtroom, as ordered.[1]
I.
For reasons stated below, we conclude that J.R.’s mother was herself a *1271 party and entitled to be present at the adjudicatory hearing on that account. But counsel did not object at the hearing on her behalf, and argues on appeal only that her exclusion violated J.R.’s rights. Preliminarily, therefore, we confront a standing question. Like most other courts that have considered the question, we conclude that it is appropriate for J.R. to assert this as error on appeal. See L.B. v. State, 675 N.E.2d 1104, 1107 (Ind.Ct.App.1996) (“Given that the right existed, it must be determined whether it may be asserted by L.B. and whether denial of the right implicates the child’s due process concerns. Again focusing upon the tenor of the provisions relating to juveniles, the rights accorded parents and child are viewed as coextensive .... With the exception of petitions alleging the children to be in need of services ..., the child’s and parents’ interests are the same.”); see also Hopkins v. Youth Court of Issaquena County, 227 So.2d 282, 284 (Miss.1969) (holding mother’s exclusion from hearing violated the child’s due process rights); State ex rel. V.M., 363 N.J.Super. 529, 833 A.2d 692, 694 (2003) (holding mother’s exclusion from adjudicatory hearing required reversal of child’s adjudication of delinquency and remand for a new trial). But see People v. Akers, 17 Ill.App.3d 624, 307 N.E.2d 630, 630-31 (1974) (holding juvenile code provision granting parents “the right to be present, to be heard,” bestowed a right on the parents, and because “the parents did not appeal nor did they join in the appeal nor are they made parties to the appeal,” nobody could complain that their rights were violated). •
II.
At issue is whether the rule of sequestration authorized the trial judge[2] to exclude J.R.’s mother from the courtroom because she was listed as a defense witness. Commonly called “the rule,” section 90.616, Florida Statutes (2004), provides:
(1) At the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding so that they cannot hear the testimony of other witnesses except as provided in subsection (2).
(2) A witness may not be excluded if the witness is:
(a) A party who is a natural person.
[[Image here]]
(c) A person whose presence is shown by the party’s attorney to be essential to the presentation of the party’s cause.
(d) In a criminal case, the victim of the crime, the victim’s next of kin, the parent or guardian of a minor child victim, or a lawful representative of such person, unless, upon motion, the court determines such person’s presence to be prejudicial.
*1272 “If sequestration is invoked, section 90.616(2) provides that four categories of witnesses ... [including parties] may remain in the courtroom and also testify during the trial or hearing.” Charles W. Ehrhardt, Florida Evidence § 616.1, at 596 (2004 ed.).
III.
If J.R.’s mother was a “party who is a natural person,” § 90.616(2)(a), Fla. Stat. (2004), the rule of sequestration afforded no basis on which to exclude her from J.R.’s adjudicatory hearing. A careful examination of applicable statutes and rules leaves no doubt that she was such a party, and that she enjoyed party status in the delinquency proceeding, as J.R.’s mother, even aside from the State’s efforts to make her legally responsible for restitution.[3]
Contemplating service on parents at the commencement of delinquency proceedings, the Florida Rules of Juvenile Procedure provide, in cases where children are in the custody of their parents:
(a) Summons.
(1) Upon the filing of a petition upon a child who is not detained by order of the court, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified.
[[Image here]]
(b) Service.
(1) Generally. The summons and other process shall be served upon such persons and in such manner as required by law.
Fla. R. Juv. P.. 8.040(a)(1), (b)(1) (2004). Section 985.219, Florida Statutes (2004), entitled “Process and service,” provides in relevant part:
(2) Upon the filing of a petition containing allegations of facts which, if true, would establish that the child committed a delinquent act or violation of law ... the clerk or deputy clerk shall issue a summons.
[[Image here]]
(5) The summons shall be directed to, and shall be served upon[4] the following persons:
*1273 (a) The child, in the same manner as an adult;
(b) The parents of the child; and
(c) Any legal custodians, actual custodians, guardians, and guardians ad litem of the child.
[[Image here]]
(8) The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child and a parent or legal or actual custodian ... of the child ... and thereafter the court may control the child and the case in accordance with this part.
Florida thus requires that the parents of the child be summoned along with the child, provides that jurisdiction does not attach until (when possible) parents and children are both served,[5] and allows parents to be held in contempt for failing to appear as required by a summons.[6]
Florida Rule of Juvenile Procedure 8.010(a) contemplates parents’ participation[7] as parties at detention hearings unless they “cannot be located”:
No detention order ... shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child’s being held in detention, unless the court finds that the parent or custodian cannot be located or that the child’s mental or physical condition is such that a court appearance is not in the child’s best interest.
Fla. R. Juv. P. 8.010(a) (2004) (emphasis supplied). Detention hearings are closely analogous to shelter hearings where parents are also parties, under the rules.[8]
*1274 By explicitly naming parents as parties at the final disposition hearing, section 985.28, Florida Statutes (2004), refutes any notion that a parent loses party status after the initial detention hearing:
When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:
(1) Before the court determines and announces the disposition to be imposed, it shall:
[[Image here]]
(d) Give all parties present at the hearing an opportunity to comment on the issue of disposition and any proposed rehabilitative plan. Parties to the case shall include the parents, legal custodians, or guardians of the child ....
[[Image here]]
(7) The court shall ... notify and summon or subpoena, if necessary, the parents, legal custodians, or guardians of the child to attend the disposition hearing if they reside in the state.
§ 985.2300(d), (7), Fla. Stat. (2004) (emphasis supplied). A reading of the rules and statutes to grant parents party status only at intermittent stages of delinquency proceedings has little to recommend itself.[9]
IV.
Courts in Mississippi, New Jersey, Indiana, and Georgia have decided that parents are “parties” to juvenile delinquency proceedings.[10] See D.C.A. v. State, *1275 135 Ga.App. 234, 217 S.E.2d 470, 472 (1975) (“[T]he exclusion of the child or the child’s parents from a hearing or any part thereof when the issue being heard is whether, because of the purported acts of the child, such child is in need of correction is manifestly an abuse of discretion, for who would, under any circumstances, have a more direct interest in the case?”) (quoting Land v. State, 101 Ga.App. 448, 114 S.E.2d 165, 166 (I960)). A fair reading of Florida’s juvenile rules and the pertinent Florida statutes requires the same conclusion in Florida.
The substance of the orders under review also supports the conclusion that J.R.’s mother was a party to the proceeding below, subject to the court’s jurisdiction. The orders “required [her] to reasonably assist the child in complying with the orders of this court, including providing timely transportation, setting up and keeping appointments, returning telephone calls, complying with referrals made by juvenile probation officers, cooperating with juvenile probation officers, counselors, and school officials, and attending required court appearances,” under threat of sanction. See generally Fisher v. State, 840 So.2d 325, 330 (Fla. 5th DCA 2003) (observing that “a court does not have contempt powers to enforce violations of its orders if they are rendered without jurisdiction over ... the parties”).
V.
Aligning ourselves with the weight of authority, we hold that the rule of sequestration does not authorize excluding a juvenile’s parents from hearings in juvenile delinquency proceedings. See D.C.A. v. State, 135 Ga.App. 234, 217 S.E.2d 470, 471-72 (1975) (holding that “[a] reading of the Juvenile Court Code indicates that in those proceedings the parents come within the category of ‘parties’ ”); L.B. v. State, 675 N.E.2d 1104, 1107 (Ind.Ct.App.1996) (“[F]ocusing upon the tenor of the provisions relating to juveniles, the rights accorded parents and child are viewed as coextensive. Parents and child are treated as one. With the exception of petitions alleging the children to be in need of services often including allegations of some neglect by the parents, the child’s and parents’ interests are the same.... It is apparent from various passages that parents and children are treated as one for notice and other requirements satisfying due process.”) (citing In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)); Hopkins v. Youth Court of Issaquena County, 227 So.2d 282, 284 (Miss.1969) (“The youth court is without jurisdiction unless the parents or guardian if available, be summoned as required by statute. It is invalid to conduct a hearing without summoning the parent and it is [therefore] invalid to conduct a hearing when the parent, when present, is excluded from the courtroom.... [T]he mother appeared at the hearing and the child had a right to have his mother participate in the hearing ... [because t]he Youth Court Act contemplates a hearing with the parents present during the entire proceedings. Because of the exclusion of the child’s parent from the hearing the order in this case was rendered without due process of law and, therefore, is invalid.”) (citations omitted); State ex rel. V.M., 363 N.J.Super. *1276 529, 833 A.2d 692, 695-96 (2003) (holding that the “fundamental right of a party — to be present during trial — is equally applicable to a parent in a juvenile delinquency proceeding,” in part because the New Jersey juvenile code firmly established “the importance of the presence of an accused juvenile’s parents at critical stages of the juvenile delinquency process”). But see State v. Ostrowski, 30 Ohio St.2d 34, 282 N.E.2d 359, 364 (1972) (holding code provision that the “parents, custodian, or guardian of such child, and any attorney at law representing them or the child, shall be entitled to visit such child at any reasonable time, be present at any hearing involving the child, and be given reasonable notice of such hearing” did not preclude the trial court’s sequestering parents until other witnesses testified because “the exclusion is not of parents, as such, but instead is the exclusion of witnesses”). We hold that J.R.’s mother was herself a party to her child’s delinquency proceedings, and that, even though she was listed as a witness, the trial court erred in excluding her from the courtroom. See § 90.616(2)(a), Fla. Stat. (2004).
VI.
Nor do we find authority for holding the error harmless. See, e.g., L.B., 675 N.E.2d at 1107 (“[T]he exclusion here was not for a small portion of cumulative evidence but for a substantial portion of the proceedings, including the entire case-in-chief for the State during the adjudicatory hearing. The parents’ exclusion ... was not harmless.”); see also Hopkins, 227 So.2d at 284 (holding error harmful where mother was excluded and “the child was not permitted to have any member of his family in the courtroom during the entire hearing”). Compare D.C.A., 217 S.E.2d at 472 (holding mother’s exclusion harmless error where child, his father, and his attorneys remained in the courtroom during the entire two-day trial). J.R. is entitled to a new adjudicatory hearing.
Reversed and remanded.
PADOVANO and BROWNING, JJ., concur.

. Eventually, the defense called her as an alibi and character witness, after which she was permitted to remain in the courtroom to hear her son's testimony.

. The trial judge excluded her on his own motion. "Section 90.616 adopts the view of Federal Rule 615 that sequestration is de-mandable as a matter of right. If a party does not request that the witnesses be excluded, the court has the discretion to do so on its own motion. Section 90.616 has superseded the decisions which adopted' the view that whether sequestration should be invoked is a matter for the discretion of the trial judge." Charles W. Ehrhardt, Florida Evidence § 616.1, at 595 (2004 ed.) (footnote omitted). The State did not object to J.R.’s mother's presence in the courtroom and expressed no concern that J.R.’s mother might tailor her testimony if allowed to remain in the courtroom during the prosecution's case. See also § 90.612(l)(a), Fla. Stat. (2004) ("The judge shall exercise reasonable control over the mode and order of the interrogation of witnesses and the presentation of evidence, so as to: (a) Facilitate, through effective interrogation and presentation, the discovery of the truth.”); see, e.g., Harnum v. State, 384 So.2d 1320, 1322 (Fla. 2d DCA 1980) ("The order of proof in a trial is largely left to the discretion of the trial court.”).

. The State filed petitions for parental sanctions against the mother in each of the delinquency cases consolidated below. See generally Fla. R. Juv. P. 8.030(b) (2004) ("Allegations as to Parents or Legal Guardians. In any delinquency proceeding in which the state is seeking payment of restitution or the performance of community service work by the child's parents or legal guardians, a separate petition alleging the parents’ or legal guardians' responsibility shall be filed and served on the parents or legal guardians of the child.”), and Fla. R. Juv. P. 8.031(c) (2004) (allowing amendment of petitions for parental sanctions "in the interest of justice and the welfare of the child” and continuances if an amendment "materially affects any party”). Each petition for parental sanctions included the following language:
Upon disposition of this case, the State will request the Court to order [the mother] to make restitution to said victim(s) and to complete any other sanction the court deems appropriate, including but not limited to community service and professional counseling.
In the final disposition order the trial court ordered: "Restitution and Costs. The parents) ... shall pay the Clerk of Court the sum of $50.00 for the services of appointed counsel and $50.00 for the Crimes Compensation Trust Fund.” The trial court also made J.R.'s parents financially responsible for his incarceration, by providing: "Cost of Care Recovery. Pursuant to § 985.2311, Florida Statutes, the court further orders: (The parent(s)/guardian(s) of the child shall pay to the Department of Juvenile Justice ... $5.00 per day for each day the child is in a committed status program....”).

. The rules require "a diligent effort to notify the parent ... of the child of the time and place of the [various] hearmg[s],” but provide that "[fjailure of notice to parents ... or their *1273 nonattendance at the[se] hearing[s] shall not invalidate the proceeding or the order of detention.” Fla. R. Juv. P. 8.010(d) (2004).
If the identity or residence of the parents ... of the child is unknown after a diligent search and inquiry, if the parents ... are residents of a state other than Florida, or if the parents ... evade service, the person who made the search and inquiry shall file in the case a certificate of those facts, and the court shall appoint a guardian ad litem for the child, if appropriate. If the parent ... fails to obey a summons, the court may ... order the parent ... to be taken into custody immediately to show cause why the parent ... should not be held in contempt for failing to obey the summons....
§ 985.219(7), Fla. Stat. (2004). Statutory recognition that it may be impossible to locate parents and that, even if found, they may fail to obey summonses does not authorize excluding parents who do appear and seek to attend their children's delinquency proceedings.

.The final disposition orders recited: "All persons entitled to notice of this hearing were properly notified. The court finds as follows:.... B. The parent(s) or lawful guardian(s) of the child who appeared in court is /are Mother."

. On this basis, the Mississippi Supreme Court determined that parents are parties to the delinquency proceedings that follow the summons. Hopkins v. Youth Court of Issaquena County, 227 So.2d 282, 284 (Miss.1969) (''[T]he mother appeared at the hearing and the child had a right to have his mother participate in the hearing.... Because of the exclusion of the child's parent from the hearing the order in this case was rendered without due process of law and, therefore, is invalid.”).

. Rule 8.010(e) further states that:
At the detention hearing the persons present shall be advised of the purpose of the hearing and the child shall be advised of:
[[Image here]]
(4) if the child’s parent, custodian, or counsel is not present, that he or she has a right to communicate with them and that, if necessary, reasonable means will be provided to do so[.]

. The section on dependency and termination of parental rights proceedings in the Florida Rules of Juvenile Procedure specifies that "[flor the purpose of these rules the terms 'party' and 'parties' shall include ... the child [and] the parent(s) of the child.” Fla. R. Juv. P. 8.210(a) (2004).

. See L.B. v. State, 675 N.E.2d 1104, 1106 (Ind.Ct.App.1996) ("The acts regarding juveniles are replete with references to parents' rights to attend and participate in proceedings regarding their minor children whether the proceedings are directed to acts of the parents or the children.”); State ex rel. V.M., 363 N.J.Super. 529, 833 A.2d 692, 695 (2003) (stating that "the importance of the presence of an accused juvenile’s parents at critical stages of the juvenile delinquency process is firmly established,” citing the New Jersey Code of Juvenile Justice which "explicitly gives an accused juvenile's parent the right to participate in the juvenile’s detention hearing,” the Code's general purpose, and the Code's requirement that parents receive the predisposition report, and concluding that “a juvenile's family members need to be involved in both the adjudicatory and rehabilitative process”). See also § 985.02(3)(a)-(b), Fla. Stat. (2004) (declaring that "[i]t is the policy of the state with respect to juvenile justice and delinquency prevention ... to [djevelop and implement effective methods of preventing and reducing acts of delinquency, with a focus on maintaining and strengthening the family as a whole”); § 985.02(7), Fla. Stat. (2004) ("Parents ... are deemed by the state to be responsible for providing their children with sufficient support, guidance, and supervision to deter their participation in delinquent acts.... Nonetheless, as it is also the intent of the Legislature to preserve and strengthen the child's family ties, it is the policy of the Legislature that the emotional, legal, and financial responsibilities of the caretaker with regard to the care, custody, and support of the child continue while the child is in the physical or legal custody of the department.”); § 985.229(3), Fla. Stat. (2004) ("The predisposition report, together with all other reports and evaluations used by the department in preparing the predisposition report, shall be made available to the child, the child’s parents or legal guardian, the child's legal counsel, and the state attorney upon completion of the report and at a reasonable ■ time prior to the disposition hearing.”).

. Florida statutes and juvenile court rules resemble the juvenile codes in Mississippi, Georgia, New Jersey, and Indiana, on which courts there relied to determine that a juvenile's parents are parties in delinquency proceedings. In Hopkins v. Youth Court of Issaquena County, the Mississippi Supreme Court relied on the requirement that a juvenile’s parents (or other custodian) must “be summoned along with the child to show cause why the child should not be adjudged a delinquent and dealt with according to law. Miss. Code 1942 Ann. s 7185-06 (Supp.1968).” 227 So.2d at 284. Similarly, in D.C.A. v. State, the Georgia Court of Appeals determined that parents are parties based on the requirement in their Juvenile Court Code that *1275 "[t]he court shall direct the issuance of a summons to the parents ... and any other persons as appear to the court to be proper or necessary parties to the proceeding.” 217 S.E.2d at 471. Ohio has gone the other way. See State v. Ostrowski, 30 Ohio St.2d 34, 282 N.E.2d 359, 364 (1972). But, unlike Ohio, Florida has rules and statutes that specifically recognize parents as parties both at the beginning and at the end of the delinquency process.