HAZOURI, J.
L.E.D., a child, appeals from the finding of guilt for burglary of a dwelling and grand theft. L.E.D. asserts the trial court abused its discretion and reversibly erred in sequestering L.E.D.’s mother from the trial. We reverse.
L.E.D., age ten at the time of the offense, was charged by Petition with (1) burglary of a dwelling and (2) grand theft, along with co-defendants, S.T. (counts 3 and 4) and her brother, M.T. (counts 5 and 6). After L.E.D. was found guilty, the trial court withheld adjudication and placed her on probation with special conditions. L.E.D. and her mother were ordered to pay restitution to the victim in the amount of $1000.
At the beginning of the trial, defense counsel invoked the rule of sequestration of witnesses. Although L.E.D.’s mother was going to be a witness in the case, defense counsel argued that the mother, a party to this matter, should not be sequestered from the courtroom. The trial court disagreed and ordered L.E.D.’s mother to be sequestered until she was called as a witness by the defense.
L.E.D. argues that the trial court should not have sequestered her mother throughout the presentation of the state’s case. We agree.
Section 90.616, Florida Statutes (2009), provides:
(1) At the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding so that they cannot hear the testimony of other witnesses except as provided in subsection (2)
(2) A witness may not be excluded if the witness is:
(a) A party who is a natural person.
[[Image here]]
(c) A person whose presence is shown by the party’s attorney to be essential to the presentation of the party’s cause.
(d) In a criminal case, the victim of the crime, the victim’s next of kin, the parent or guardian of a minor child victim, or a lawful representative of such person, unless, upon motion, the court determines such person’s presence to be prejudicial.
L.E.D. relies on J.R. v. State, 923 So.2d 1269 (Fla. 1st DCA 2006), in which the First District reversed a delinquency adjudication because the trial court erroneously sequestered the juvenile/defendant’s mother during his trial, finding this not to be harmless.
In J.R., his counsel stated, “I would object to this child going to trial without his mother being present in the courtroom.” Id. at 1270. She was also a defense witness. The trial court noted the objection and sequestered J.R.’s mother. On appeal, the court made several holdings. First:
[W]e conclude that J.R.’s mother was herself a party and entitled to be present at the adjudicatory hearing on that account. But counsel did not object at the hearing on her behalf, and argues on appeal only that her exclusion violated J.R.’s rights. Preliminarily, therefore, we confront a standing question. Like most other courts that have considered the question, we conclude that it is appropriate for J.R. to assert this as error on appeal.
Id. at 1270-71. In making this determination, the First District cites two out-of-state cases in support of the child having standing to assert this right. See L.B. v. State, 675 N.E.2d 1104, 1107 (Ind.Ct.App.1996); Hopkins v. Youth Court of Issaquena Cnty., 227 So.2d 282, 284 (Miss.1969). *169 The state in the instant case cites People v. Akers, 17 Ill.App.3d 624, 307 N.E.2d 630 (Ill.Ct.App.1974), which holds otherwise. The First District cited Akers and recognized in its opinion in J.R. that Akers went the other way, but it still held the juvenile had standing.
The First District also found that the mother of J.R. was a party to the delinquency proceeding and therefore, the rule of sequestration gave no basis upon which the trial court could exclude her from the adjudicatory hearing, even if she was listed as a defense witness. J.R., 923 So.2d at 1272. The court based its holding on a number of statutes and rules which (1) make her legally responsible for restitution, see generally Florida Rule of Juvenile Procedure 8.030(b) (2004); (2) require service of summons on parents, section 985.219, Florida Statutes (2004); and (3) contemplates the parents’ participation at both detention hearings and final disposition hearings, Florida Rule of Juvenile Procedure 8.010(a) (2004).
Finally, the court held that it was not harmless error. Quoting L.B. v. State, 675 N.E.2d 1104 (Ind.Ct.App.1996), it stated: “[T]he exclusion here was not for a small portion of cumulative evidence but for a substantial portion of the proceedings, including the entire case-in-chief for the State during the adjudicatory hearing. The parents’ exclusion ... was not harmless.” Id. at 1107.
We find the First District’s opinion in J.R. to be persuasive and adopt its reasoning as our own. We, therefore, reverse and remand for a new adjudicatory hearing.

Reversed and Remanded.

TAYLOR and CIKLIN, JJ., concur.