POLEN, J.
Appellant, R.D.H., challenges his conviction entered after trial on an amended juvenile petition. We affirm and write only to address appellant’s argument that the trial court abused its discretion in sequestering appellant’s mother.
Appellant was charged with resisting or obstructing two officers without violence. Before trial, over defense counsel’s objec *255 tion, the trial court granted the State’s request to sequester appellant’s mother (a state witness) with the other witnesses, prior to her testimony. Because the mother was not excluded from the courtroom during any portion of the prosecution’s case, and was absent only during counsels’ brief argument on a pretrial motion, we find any error to be harmless.
Section 90.616, Florida Statutes (2009), provides:
(1) At the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding so that they cannot hear the testimony of other witnesses except as provided in subsection (2)
(2) A witness may not be excluded if the witness is:
(a) A party who is a natural person.
[[Image here]]
(c) A person whose presence is shown by the party’s attorney to be essential to the presentation of the party’s cause.
(d) In a criminal case, the victim of the crime, the victim’s next of kin, the parent or guardian of a minor child victim, or a lawful representative of such person, unless, upon motion, the court determines such person’s presence to be prejudicial.
J.R. v. State, 923 So.2d 1269 (Fla. 1st DCA 2006), is instructive, albeit distinguishable. In J.R., the First District reversed a delinquency adjudication where the trial court sequestered the juvenile defendant’s mother during his trial, finding the error not to be harmless.
J.R.’s counsel objected to the child going to trial without his mother being present in the courtroom. Id. at 1270. She was also a defense witness. The trial court noted the objection and sequestered J.R.’s mother. On appeal, the First District found that the mother of J.R. was a. party to the delinquency proceeding and, therefore, the rule of sequestration gave no basis upon which the trial court could exclude her from the adjudicatory hearing, even if she was listed as a defense witness. Id. at 1272. The court based this holding on a number of statutes and rules which (1) made her legally responsible for restitution, see generally Fla. R. Juv. P. 8.030(b) (2004); (2) require service of summons on parents, § 985.219, Fla. Stat. (2004); and (3) contemplate the parents’ participation at both detention hearings and final disposition hearings. Fla. R. Juv. P. 8.010(d) (2004). Id. at 1272-74.
The court further held that the error was not harmless, stating: “[T]he exclusion here was not for a small portion of cumulative evidence but for a substantial portion of the proceedings, including the entire case-in-chief for the State during the adjudicatory hearing.” Id. at 1276 (quoting L.B. v. State, 675 N.E.2d 1104, 1107 (Ind.Ct.App.1996)).
Here, unlike in J.R., where the defendant called his mother as a defense witness, the State called the mother for the sole purpose of establishing jurisdiction based on appellant’s age. More significantly, the mother in this case was not excluded from the courtroom during any portion of the prosecution’s case. She was called as the State’s first witness, and was expressly told by the trial court that she could stay in the courtroom after her testimony. She was absent only during counsels’ brief argument on a motion to discharge based on the running of the speedy trial period. Thus, any error was harmless.
We similarly distinguish this case from our recent decision in L.E.D. v. State, 48 So.3d 167 (Fla. 4th DCA 2010), where we reversed because the trial court sequestered the mother throughout the presenta *256 tion of the State’s case. See id. at 169 (finding the First District’s opinion in J.R. to be persuasive and adopting its reasoning as our .own).
We find the remaining claim on appeal to be without merit and affirm without comment.

Affirmed.

HAZOURI and CIKLIN, JJ., concur.