306 So.2d 57 (1975)
Marvin JONES
v.
STATE of Mississippi.
No. 48190.
Supreme Court of Mississippi.
January 13, 1975.
Johnson & Walker, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Marvin Jones was convicted in the Circuit Court of Jackson County for the sale of a controlled substance, and sentenced to fifteen years in the state penitentiary. He appeals.
The appellant is an admitted drug addict. He was indicted for selling heroin to two undercover narcotics agents on September 15, 1972. These agents terminated their undercover activities in December 1972 and subsequently, on February 13, 1973, appellant was arrested. The state's case rests entirely on the identification of Jones by the two narcotics agents.
The first argument for reversal is that the case should be dismissed due to the delay of the state in beginning the prosecution. It is contended that the delay between the termination of the agents' undercover activities and the arrest was unjustified and the appellant was thereby prejudiced and denied due process of law. The nub of the argument is that the passage of time eroded the appellant's ability to recall the facts related to the sale, particularly since he was ill from drug addiction, whereas the agents, aware of their purpose, made mental or other notes in preparation for their testimony, resulting in an imbalance of evidence weighted heavily in the state's favor which was equivalent to a denial of due process of law. He cites United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and other cases in support of this theory.
An examination of these cases reveals that in each of them substantial prejudice resulted to the accused from unreasonable delay occasioned by the prosecution. The record here does not disclose any prejudice resulting from unreasonable delay, but, to the contrary, indicates the appellant was *58 arrested and tried at the next term of court. For this reason we do not think the federal cases cited are applicable.
The appellant next contends that the trial court unduly restricted cross-examination of the two undercover agents. In particular, he complains that his attempts to test the recollection and credibility of these key witnesses were relevant since the state's case depended primarily on his identification by these agents.
The critical issue arising from the argument is the refusal of the trial court to permit the appellant to make an offer of proof for the benefit of the record and this Court after the objection of the state had been sustained. The record reveals that the appellant properly sought to preserve testimony regarding the activities of the undercover agents, believing it essential to his defense.
The following colloquy occurred:
Q. Did you make any other purchases from any other individuals during that period of time between September 15, 1972 and February 13, 1973?
A. Oh, yes.
Q. About how many did you make during that period?
BY MR. LOCKARD: We object, your Honor, to how many purchases he made and where he made them.
BY THE COURT: Objection sustained.
BY MR. WALKER: Your Honor, at this time, if I might be allowed to go along this line, I think it's very relevant.
BY THE COURT: Well, we are trying this man here. This man here is being tried and I don't think it would be relevant to go into any other of this man's activities, who he bought from or who he didn't on other cases because that's other cases to come up or not to come up and what not. I will sustain the objection.
BY MR. WALKER: Your Honor, I understand that, but I think if I am allowed to continue, I think it goes to the question of credibility of his ability here today.
BY THE COURT: Objection will be sustained.
BY MR. WALKER: May we make an offer of proof outside the presence of the jury?
BY THE COURT: No, sir, because I am not going to clutter up the record with irrelevant testimony.
The rule is well established in our jurisprudence that the party seeking to reverse a case because of excluded testimony must show in the record what that testimony would have been if the witness had been allowed to testify. This is necessary so this Court may view the testimony to determine whether it is material and relevant. If the trial court is permitted to deny a litigant the opportunity to make such record, then he would be helpless to obtain review on appeal. Priest v. State, 275 So.2d 79 (Miss. 1973); Kidd v. State, 258 So.2d 423 (Miss. 1972); Hopkins v. State, 227 So.2d 282 (Miss. 1969); Mississippi Power Co. v. Harrison, 247 Miss. 400, 152 So.2d 892 (1963), and Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953).
As this Court stated in Hitt:
... It seems to us that the point is well taken by appellant, because, if a trial court were permitted to deny a party the right to show in the record what a proposed witness would testify, the result would be that, no matter how material and important the testimony might be, the party offering the witness and his testimony would be helpless to obtain relief *59 on appeal. (Hn5) Accordingly, it followed that counsel has the right, when an objection to the testimony of a witness is sustained, to show in the record by appropriate means the nature and content of the proposed testimony. Since this right was denied to appellant, this case must be reversed and remanded. 217 Miss. at 67, 63 So.2d at 667.
The right to preserve testimony through an appropriate offer of proof is essential to insure justice and fairness. This is especially true in criminal trials where the broadest latitude is permitted on cross-examination. When such fundamental right is denied, this Court has no alternative but to reverse and remand for a new trial.
Reversed and remanded.
RODGERS, P.J., and INZER, WALKER and BROOM, JJ., concur.