GRAVES, Presiding Justice,
Dissenting:
¶ 199. “[V]oir dire [often] has become an exercise in finding race-neutral reasons *261 to justify racially motivated strikes. As Justice Marshall predicted, ‘[mjerely allowing defendants the opportunity to challenge the racially discriminatory use of peremptory challenges in individual cases will not end the illegitimate use of the peremptory challenge.’ ” Howell v. State, 860 So.2d 704, 766 (Miss.2003) (Graves, J., dissenting) (quoting Batson v. Kentucky, 476 U.S. 79, 105, 106 S.Ct. 1712, 1727, 90 L.Ed.2d 69 (1986) (Marshall, J., concurring)). In the instant case, peremptory challenges were used to exclude African^ Americans from the jury. Therefore, I disagree with the majority’s finding that the State did not discriminate on the basis of race during jury selection. Because I would reverse the trial court pursuant to Batson, I respectfully dissent.
¶ 200. Under Batson, a party who objects to a peremptory strike must establish a prima facie case of purposeful discrimination as follows:
To establish such a case, the defendant first must show that he is a member of a cognizable racial group ... and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant’s race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits “those to discriminate who are of a mind to discriminate.” ... Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.
Batson, 476 U.S. at 96, 106 S.Ct. 1712 (citations omitted). However, as this Court has acknowledged, this test was somewhat modified by the U.S. Supreme Court in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).
In that case the Supreme Court held that Powers, a white, had standing to challenge the exclusion of black jurors on the grounds that the equal protection right of the juror to serve was protected by Batson. Powers, 499 U.S. at 406, 111 S.Ct. 1364. Essentially, this means that step three above becomes the pivotal inquiry to determine a prima facie case, as this Court recognized in Davis v. State, 660 So.2d 1228, 1240 (Miss.1995), cert. denied, 517 U.S. 1192, 116 S.Ct. 1684, 134 L.Ed.2d 785 (1996). Specifically, the pivotal question is whether the opponent of the strike has met the burden of showing that proponent has engaged in a pattern of strikes based on race or gender, or in other words “the totality of the relevant facts gives rise to an inference of discriminatory purpose.” Batson, 476 U.S. at 94, 106 S.Ct. 1712.
Randall v. State, 716 So.2d 584, 587 (Miss.1998). Pursuant to the third step, “[tjhis Court has examined the number of strikes on a particular class, the ultimate ethnic or gender makeup of the jury, the nature of questions asked during the voir dire, and the overall demeanor of the attorney.” Id. (citing Coleman v. State, 697 So.2d 777, 786 (Miss.1997); Davis, 660 So.2d at 1263 (Banks, J., concurring); Mack v. State, 650 So.2d 1289, 1299 (Miss.1994), cert. denied, 516 U.S. 880, 116 S.Ct. 214, 133 L.Ed.2d 146 (1995)). “Additionally, ‘[t]he [opponent of the strike] may also rely on the fact that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate.’ ” Id. (citing Batson, 476 U.S. at 80, 106 S.Ct. at 1714).
¶ 201. Once the defendant has established a prima facie case of discrimination, the burden shifts to the State to provide a race-neutral reason for each strike. Bat *262 son, 476 U.S. at 97, 106 S.Ct. 1712. The trial court then makes a determination of whether the defendant has established purposeful discrimination. Id. at 98, 106 S.Ct. 1712. The Fifth Circuit Court of Appeals has explained this portion of the test as follows:
The “shifting burden” described in the Batson framework is one of production only. The ultimate burden of persuasion always lies with the party making the claim of purposeful discrimination. At the second stage of the Batson framework where the party accused of discrimination must articulate a race-neutral explanation for the peremptory challenges — the issue is merely the facial validity of the explanation. “Unless a discriminatory intent is inherent in the ... explanation, the reason offered will be deemed race neutral.”
U.S. v. Bentley-Smith, 2 F.3d 1368, 1373 (5th Cir.1993) (quoting Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395, 396 (1991)). With regard to the third stage of the Batson framework, where the trial court must determine whether the defendant has established purposeful discrimination, the Fifth Circuit said:
In a typical peremptory challenge inquiry, the decisive question will normally be whether a proffered race-neutral explanation should be believed. See United States v. Johnson, 941 F.2d 1102, 1108 (10th Cir.1991). There will seldom be any evidence that the claimant can introduce — beyond arguing that the explanations are not believable or pointing out that similar claims can be made about non-excluded jurors who are not minorities.
Bentley-Smith, 2 F.3d at 1373-74.
¶ 202. This Court has held that, in reviewing a Batson claim, we will not overrule a trial court unless the record indicates the decision was clearly erroneous or contrary to the overwhelming weight of the evidence. Flowers v. State, 947 So.2d 910, 917 (Miss.2007). See also Thorson v. State, 721 So.2d 590, 593 (Miss.1998).
¶ 203. This Court has specified five in-dicia of pretext for use in analyzing a proffered race-neutral reason for peremptory strikes:
(1) disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge;
(2) the failure to voir dire as to the characteristic cited; ... (3) the characteristic cited is unrelated to the facts of the case; (4) lack of record support for the stated reason; and (5) group-based traits.
Lynch v. State, 877 So.2d 1254, 1272 (Miss.2004) (citations omitted).
¶ 204. In the instant case, Pitchford objected as follows:
We would object on the grounds of Batson v. Kentucky that it appears there is a pattern of striking almost all of the available African-American jurors. They have tendered one African-American juror out of the five that have thus far — four that have thus far arisen on the venire. As we had noted previously, due to the process of cause challenges, particularly death qualification challenges, this is already a disproportionally white jury for the population of this county. And we make a Batson challenge. It appears to be a pattern of disproportionately challenging African-American jurors.
¶205. The State used four of seven peremptory strikes against African-Americans on the venire. Thus, only one African-American out of fourteen jurors, including alternates, was seated on Pitch-ford’s jury in Grenada County. Based on *263 this, the trial court correctly found that Pitchford had established a prima facie case for racial discrimination and required the State to provide race-neutral reasons for the strikes.[139] The State then offered these reasons:
MR. EVANS (District Attorney): Yes, sir. S-2 is black female, juror number 30. She is the one that was 15 minutes late. She also, according to police officer, police captain, Carver Conley, has mental problems. They have had numerous calls to her house and said she obviously has mental problems.
Juror number S-3—
THE COURT: That would be race neutral as to — as to that juror.
MR. EVANS: S-3 is a black male, number 31, Christopher Lamont Till-mon. He has a brother that has been convicted of manslaughter. And considering that this is a murder case, I don’t want anyone on the jury that has relatives convicted of similar offenses.
THE COURT: What was his brother’s name?
MR. EVANS: I don’t even remember his brother. He said that he had a brother convicted of manslaughter.
THE COURT: On that jury questionnaire?
MR. EVANS: Yes, sir.
THE COURT: I find that to be race neutral. And you can go forward.
MR. EVANS: S-4 is juror number 43, a black female, Patricia Anne Tid-well. Her brother, David Tidwell, was convicted in this court of sexual battery. And her brother is now charged in a shooting case that is a pending case here in Grenada. And also, according to police officers, she is a known drug user.
THE COURT: During voir dire, in fact, I made a notation on my notes about her being kin to this individual. I find that to be race neutral.
MR. EVANS: Juror number 5 is juror number 48 on the list, a black male, Carlos Ward. We have several reasons. One, he had no opinion on the death penalty. He has a two-year-old child. He has never been married. He has numerous speeding violations that we are aware of.
The reason that I do not want him as a juror is he is too closely related to the defendant. He is approximately the age of the defendant. They both have children about the same age. They both have never been married. In my opinion he will not be able to not be thinking about these issues, especially on the second phases. And I don’t think he would be a good juror because of that.
THE COURT: The Court finds that to be race neutral as well. So now we will go back and have the defense starting at 37.
¶ 206. When the jury was seated, counsel for Pitchford renewed the Batson objection and stated:
MS. STEINER [defense counsel]: At some point the defense is going to want to reserve both its Batson objection and a straight for Tenth Amendment racial discrimination.
*264 THE COURT: You have already made it in the record so I am of the opinion it is in the record.
MS. STEINER: I don’t want to let the paneling of the jury go by without having those objections.
THE COURT: I think you already made those, and they are clear in the record. For the reasons previously stated, first the Court finds there to be no— well, all the reasons were race neutral as to members that were struck by the district attorney’s office. And so the, the Court finds there to be no Batson violation.
And then as to the other issues, the Court has already ruled that based on prior rulings from the United States Supreme Court and the State of Mississippi that jury selection was appropriate.
As I say, they are noted for the record.
MS. STEINER: Allow us to state into the record there is one of 12 — of fourteen jurors, are non-white, whereas this county is approximately, what, 40 percent?
MR. BAUM [defense counsel]: The county is 40 percent black.
THE COURT: I don’t know about the racial makeup, but I will note for the record there is one regular member of the panel that is black, African-American race.
¶ 207. On appeal, Pitchford asserts that the State’s race-neutral reasons are pre-textual for each of the four African-American jurors who were struck. Further, Pitchford asserts that the State accepted white venire members who shared the characteristics of the jurors who were struck.

Linda Ruth Lee

¶ 208. The State said that Lee was struck because she was fifteen minutes late, “has mental problems,” and police had made numerous calls to her house, according to Police Captain Carver Conley. However, Conley was not called to testify. Further, the State did not introduce any evidence to prove the claims of her having “mental problems” or of police having numerous calls to her house. The State also failed to define “mental problems” as it pertains to Lee’s alleged inability to serve as a juror. With regard to Lee being fifteen minutes late, the record establishes that several jurors were late returning from lunch during voir dire. The trial court inquired why Lee was the last of the late jurors to return and she indicated that she had to walk to the courthouse. During the challenges for cause, the State tried unsuccessfully to get the trial court to strike Lee for cause for being fifteen minutes late. In denying the State’s request, the trial court said:
She indicated — and if anybody was having to walk from their house to the courtroom in this weather today, she indicated — ordinarily I would but when I asked her she said she was having to walk. And that’s — you know, I guess we all assume everybody has got a way to ride now but she didn’t. So I feel like that she explained the reason why she was late to the satisfaction of the court that I do not believe it would be appropriate to strike her for cause. In fact, she is trying real hard to be here and fulfill her civic duty as a juror.
¶ 209. There is nothing in the record to support the State’s proffered race-neutral reasons for striking Lee. Further, the trial court specifically found that Lee being fifteen minutes late returning to the courthouse in what was apparently inclement weather was an insufficient reason to strike her. The characteristics cited are unrelated to the facts of the case. The majority states, “[t]hat a juror ‘obviously *265 has mental problems’ was clearly a race neutral reason.” (Maj. Op. at ¶ 23). I note that these alleged “mental problems” were not sufficiently obvious to compel the trial court to strike Lee for cause. The State never brought up any “mental problems” or police calls prior to or during voir dire. The State did not individually voir dire Lee or ask any specific questions related to these reasons. The State also did not disclose any of this information obtained outside of the voir dire process pri- or to the Batson hearing. In Mack v. State, 650 So.2d 1289, 1299 (Miss.1994), this Court indicated that the prosecutor may not withhold such information. “That is not to say, however, that the prosecutor may, with impunity, withhold information concerning a prospective juror which impacts upon the juror’s ability to be fair and impartial.” Id. This Court also said:
The failure to voir dire usually comes in to [sic] play when the prosecutor expresses some suspicion or uncertainty about the true situation involving the juror, such as when he “believes” that the juror is related to a criminal, or has been involved in some activities which might engender a negative attitude toward the defendant. This factor is closely related to the lack of an eviden-tiary basis. Here, the fact that Mitchell was unemployed was reflected in the jury questionnaire. The prosecutor was not acting on a mere suspicion. Still, voir dire on this issue may have revealed an explanation for this status which would not have been consistent with assumptions regarding the stability and community values of the unemployed. The failure to conduct voir dire must weigh against the State in an evaluation of the bona fides of the proffered reason.
Mack, 650 So.2d at 1298.
¶ 210. Because Pitchford has met the burden of establishing pretext based on the indicia set out previously herein, I would find that the trial judge’s acceptance of the State’s race-neutral reason for striking Lee is clearly erroneous. Further, as stated by the majority, the U.S. Supreme Court reiterated in Snyder v. Louisiana, 552 U.S. 472, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008), that the Constitution prohibits striking even a single juror for a discriminatory purpose. Therefore, Pitchford’s conviction should be reversed and remanded for a new trial. Nevertheless, I will briefly discuss the remaining jurors.

Christopher Lamont Tillmon

¶ 211. The State said that Tillmon was struck because he said on his jury questionnaire that he had a brother who had been convicted of manslaughter. While this is an acceptable race-neutral reason, the questionnaire also indicated that Till-mon is an employed college graduate who previously worked for a correctional facility, and who strongly favored the death penalty. Further, the record indicates that the State did not voir dire Tillmon on this reason. Also, white venire members with family members who had felony, albeit nonhomicide, convictions were accepted by the State.

Patricia Anne Tidwell

¶ 212. The State said that Patricia Anne Tidwell was struck because her brother was convicted of sexual battery and was charged in a shooting case. The State also said that Tidwell is a known drug user. While Tidwell’s questionnaire did indicate her brother had been convicted of sexual battery, the State offered no evidence of Tidwell’s brother being charged in a shooting case or of Tidwell being a known drug user. The record indicates that the State did not individually voir dire Tidwell or ask any specific questions regarding any of these reasons. The record also indicates that white venire *266 members with family members who had been convicted of crimes were not challenged.

Carlos Ward

¶ 213. The State said that Carlos Ward was struck because he had no opinion on the death penalty, had a two-year-old child, had never been married, and had numerous speeding violations. Specifically, the State said that Ward was “too closely related to the defendant” because of shared characteristics. However, the record indicates that the State accepted numerous white venire members sharing the characteristics given as the basis for the challenge. The record also indicates that the State did not individually voir dire Ward on any of the proffered reasons. With regard to his opinion on the death penalty, Ward did not indicate during voir dire that he had any issue with it, but merely circled no opinion, which was the middle of five choices on the jury questionnaire The jury questionnaire specifically excludes traffic violations, and the State introduced no evidence of any speeding violations. There is also nothing in the record to establish that the State sought information regarding traffic violations on other jurors. Further, Ward indicated he was employed and had finished two years of college at the time he completed the questionnaire.
¶214. Although the record before this Court establishes that the trial court’s decision accepting the State’s race-neutral reasons for excluding African-Americans from the jury was clearly erroneous, the majority states that it “cannot say the trial judge abused his discretion” with regard to each juror. (Maj. Op. at ¶¶ 21, 23, 25, 27). Rather than address the merits of this issue, the majority discusses moot aspects of the issue, as stated previously herein, and then cites various cases for the erroneous proposition that Pitchford somehow waived his Batson objection by not rebutting the State’s proffered race-neutral reasons.
¶ 215. The majority finds that “[although the appellant devoted a considerable portion of his brief and oral argument before this Court to his pretext argument, he did not present these arguments to the trial court during the voir dire process or during post-trial motions.” (Maj. Op. at ¶ 28). Further, the majority finds since the “appellant provided the trial court no rebuttal to the state’s race-neutral reasons” that “[w]e will not now fault the trial judge with failing to discern whether the state’s race-neutral reasons were overcome by rebuttal evidence and argument never presented.” (Maj. Op. at ¶ 30). Finally, the majority dismisses Pitchford’s argument regarding the totality of the facts as an “attempt to present his pretext argument in another package” and finds that Pitchford “failed to provide any argument concerning pretext during the Batson hearing.” I disagree for several reasons.
¶216. Black’s Law Dictionary defines pretext as: “Ostensible reason or motive assigned or assumed as a color or cover for the real reason or motive; false appearance, pretense.... ” Black’s Law Dictionary 1187 (6th ed.1990). Based on the very definition of pretext, Pitchford made a pretext argument by virtue of his Batson objection. When Pitchford attempted to reassert his objection, the trial court correctly found that the objection was already on the record.
¶ 217. To reiterate, “[o]nce the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors.” Batson, 476 U.S. at 97, 106 S.Ct. 1712. “The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to deter *267 mine if the defendant has established purposeful discrimination.” Id. at 98, 106 S.Ct. 1712. In other words, once Pitchford made a prima facie showing, the burden shifted to the State to rebut the prima facie showing with a race-neutral explanation as to each juror. Id. at 97-98, 106 S.Ct. 1712. Pitchford may rebut the State’s evidence, but there is no requirement under Batson that Pitchford must then rebut the rebuttal before the trial court. Pursuant to Batson, once the State offered race-neutral reasons to rebut the prima facie showing, the trial court then made a determination that Pitchford had not established purposeful discrimination. This Court is reviewing the trial court’s decision to determine whether it is clearly erroneous or contrary to the overwhelming weight of the evidence. Flowers v. State, 947 So.2d 910, 917 (Miss.2007).
¶ 218. I do not dispute the language in the cases cited by the majority regarding the basis for the trial court’s decision. However, the suggestion that this Court cannot review the trial court’s decision under the totality of the relevant facts is contrary to the applicable law. An analysis of the cases cited by the majority for the waiver proposition is illuminating. The majority quotes Manning v. State, 735 So.2d 323, 339 (Miss.1999), for the following: “It is incumbent upon a defendant claiming that proffered reasons are pretex-tual to raise the argument before the trial court. The failure to do so constitutes waiver.” (Maj. Op. at ¶ 29 n. 16). Manning cites Mack v. State, 650 So.2d 1289, 1297 (Miss.1994), which cites Whitsey v. State, 796 S.W.2d 707 (Tex.Crim.App.1989), for this proposition. However, Whitsey, which is not binding authority on this Court, makes no such finding.
¶ 219. The trial and hearing on the motion for new trial in Whitsey occurred prior to the Batson decision. Whitsey, 796 S.W.2d at 710. Following the Batson decision, the Texas Fourteenth Court of Appeals remanded for a Batson hearing. The trial court found that the defendant did not rebut the State’s explanations, did not prove by a preponderance of evidence that the State had engaged in purposeful discrimination, and was not denied the equal protection of the law by the prosecutor’s use of his peremptory challenges. Id. at 712. The Fourteenth Court of Appeals affirmed. Id. On appeal, the Court of Criminal Appeals of Texas reversed, finding that the defendant had established that the prosecutor had exercised peremptory challenges based solely on race and that the defendant had been denied due process in the jury selection process. Whitsey, 796 S.W.2d at 716.
¶ 220. In the instant case, the majority also cites Woodward v. State, 726 So.2d 524, 533 (Miss.1997), for the following: “In the absence of an actual proffer of evidence by the defendant to rebut the State’s neutral explanations, this Court may not reverse on this point.” (See Maj. Op. at ¶ 29 n. 16). Woodward is quoting Sudduth v. State, 562 So.2d 67, 71 (Miss.1990), which cites Davis v. State, 551 So.2d 165, 172 (Miss.1989), for this holding. However, Davis is relying on the inapplicable, pre-Batson cases of Jones v. State, 306 So.2d 57, 58 (Miss.1975), and Pennington v. State, 437 So.2d 37, 39 (Miss.1983). Both Jones and Pennington involved issues regarding a trial court’s refusal to permit the appellant to make an offer of proof to preserve testimony. Jones, 306 So.2d at 58; Pennington, 437 So.2d at 39. Woodward also cites Bush v. State, 585 So.2d 1262, 1268 (Miss.1991), which says the defendant “is allowed to rebut the reasons” offered by the State. Bush, 585 So.2d at 1268.
¶ 221. Pitchford preserved the issue for appeal by making a Batson objection. The *268 trial court properly found that he had established a prima facie case and required the State to provide race-neutral reasons. The trial court then made its determination, and Pitchford appeals that determination. Pitchford is not attempting to present an issue that was not first presented to the trial court. The majority cites no authority to establish that Pitchford should be precluded from relying on evidence contained in the record and presented to the trial court during voir dire, as opposed to extraneous evidence. Therefore, Pitchford has not waived this issue.
¶222. Further, an issue concerning a defendant’s right to a fair trial and a prospective juror’s right not to be excluded on account of race cannot be ignored pursuant to a procedural bar. The United States Supreme Court has recognized the significance of this issue. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court said:
We hold that the Equal Protection Clause prohibits a prosecutor from using the State’s peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race.
Id. at 409, 111 S.Ct. 1364. The Court further said: “The jury acts as a vital check against the wrongful exercise of power by the State and its prosecutors. Batson, 476 U.S. at 86, 106 S.Ct. at 1717. The intrusion of racial discrimination into the jury selection process damages both the fact and the perception of this guarantee.” Id. at 411, 111 S.Ct. 1364. “Both the excluded juror and the criminal defendant have a common interest in eliminating racial discrimination from the courtroom.” Id. at 413, 111 S.Ct. 1364.
The statutory prohibition on discrimination in the selection of jurors, 18 U.S.C. § 243, enacted pursuant to the Fourteenth Amendment’s Enabling Clause, makes race neutrality in jury selection a visible, and inevitable, measure of the judicial system’s own commitment to the commands of the Constitution. The courts are under an affirmative duty to enforce the strong statutory and constitutional policies embodied in that prohibition.
Id. at 416, 111 S.Ct. 1364.
¶ 223. For the reasons stated herein, I would find that the trial court’s decision was clearly erroneous. Because I would reverse the trial court pursuant to Batson, I respectfully dissent.
KITCHENS, J., JOINS THIS OPINION.
APPENDIX

DEA TH CASES AFFIRMED BY THIS COURT

Goff v. State, 14 So.3d 625 (Miss.2009).
Wilson v. State, 21 So.3d 572 (Miss.2009).
Chamberlin v. State, 989 So.2d 320 (Miss.2008).
Loden v. State, 971 So.2d 548 (Miss.2007).
King v. State, 960 So.2d 413 (Miss.2007).
Bennett v. State, 933 So.2d 930 (Miss.2006).
Havard v. State, 928 So.2d 771 (Miss.2006).
Spicer v. State, 921 So.2d 292 (Miss.2006).
Hodges v. State, 912 So.2d 730 (Miss.2005).
*269 Walker v. State, 913 So.2d 198 (Miss.2005).
Le v. State, 913 So.2d 913 (Miss.2005).
Brown v. State, 890 So.2d 901 (Miss.2004).
Powers v. State, 883 So.2d 20 (Miss.2004).
Branch v. State, 882 So.2d 36 (Miss.2004).
Scott v. State, 878 So.2d 933 (Miss.2004).
Lynch v. State, 877 So.2d 1254 (Miss.2004).
Dycus v. State, 875 So.2d 140 (Miss.2004).
Byrom v. State, 863 So.2d 836 (Miss.2003).
Howell v. State, 860 So.2d 704 (Miss.2003).
Howard v. State, 853 So.2d 781 (Miss.2003).
Walker v. State, 815 So.2d 1209 (Miss.2002). * following remand.
Bishop v. State, 812 So.2d 934 (Miss.2002).
Stevens v. State, 806 So.2d 1031 (Miss.2002).
Grayson v. State, 806 So.2d 241 (Miss.2002).
Knox v. State, 805 So.2d 527 (Miss.2002).
Simmons v. State, 805 So.2d 452 (Miss.2002).
Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss.2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss 2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). *following remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
*270 Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Witcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581 (Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
* Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
*271 Wiley v. State, 484 So.2d 889 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).
* Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Ross v. State, 954 So.2d 968 (Miss.2007).
Flowers v. State, 947 So.2d 910 (Miss.2007).
Flowers v. State, 842 So.2d 531 (Miss.2003).
Randall v. State, 806 So.2d 185 (Miss.2002).
Flowers v. State, 773 So.2d 309 (Miss.2000).
*272 Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 783 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
*273 White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Rubenstein v. State, 941 So.2d 735 (Miss.2006).
King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
* Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
*274 Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi, 479 U.S. 906, 107 S.Ct. 304, 93 L.Ed.2d 278 (1986); re-sentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of ha-beas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resentencing affirmed, Wiley v. State, 691 So.2d 959 (Miss.1997) (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984).
* Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

. Since the prosecutor offered an explanation for the peremptory challenges and the trial court ruled on the ultimate question of intentional discrimination, the issue of whether Pitchford made a prima facie showing of discrimination is moot. Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395, 396 (1991) (citing United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)).